AUGUST TERM,
1838.

Shaw
v.
Burton.

---

## Shaw v. Burton.

To an action on a promissory note, a plea, that after making the note defendant executed a *deed*, conveying certain property to defendant on condition that, if defendant paid a certain sum of money, being the identical debt secured by the note sued on, by a certain day, the deed to be void, otherwise to be absolute, without averring that such deed was made *and accepted as a satisfaction of the note*, is bad.

*S. T. Glover*, counsel for plaintiff, cited:
3 East's R. 257–8–9; 2 Tuc. Com. 137–8; 7 Cranch, 303–4; Coke's R. 3 vol. p. 45–6; 1 Burr. R. 9; 1 Mo. D. 617; Bac. Ab. t. Obligation, a. vol. 5, p. 155.

*S. W. B. Carnegy*, counsel for defendant, cited:
3 East, 278–9; 3 Bl. Com. 16; 2 John. R. 342; 2 Star. 25; 5 East, 294; 2 Tuc. 27–8; 2 John. Dig. p. 4; 1 Saund. Pl. p. 26; 1 Chit. 93; 6 T. R. 176–7.

EDWARDS, Judge, delivered the opinion of the court.

Burton sued Shaw by petition in debt on a promissory note. Shaw appeared and filed two pleas, the first, in substance as follows: That after the day of the date of the said writing of the defendant in plaintiff's petition mentioned, to wit, on the 19th day of September, A. D. 1837, at the county of Marion, and State of Missouri,

the said defendant did, at the special instance and request of the plaintiff, make and execute to the plaintiff his certain deed in writing, to wit, on the day and year last aforesaid, signed with the hand and sealed with the seal of said defendant, which said deed the said defendant cannot bring with him into court that the court may see it, because the same was, on the day of its execution aforesaid, delivered to the plaintiff, and is now in the possession of the plaintiff; by which said deed, after reciting the very same identical writing in the plaintiff's petition mentioned, and the defendant's anxiety to secure to the plaintiff the payment of the said identical debt in the plaintiff's petition mentioned, the defendant bargained, sold and conveyed to the plaintiff and to his heirs forever, three certain horses, two yoke of oxen and two cows, therein particularly described; but the said sale and conveyance to be subject to the following condition: the said defendant bound and obliged himself to pay to the plaintiff the said identical sum of two hundred and thirty-one dollars, with ten per cent. per annum interest thereon, from the 26th day of May, A. D. 1837, (being the same identical debt in the plaintiff's petition mentioned,) on or before the 25th day of December, 1837; and it was further provided in the said deed, that if the said defendant should well and truly pay off the said debt, on or before the day and year last aforesaid, that then and in that case the said deed of conveyance and all things therein contained should be null and void, otherwise they should remain in full force and virtue; and the defendant doth aver that neither the said sum of money aforementioned, or any part thereof, was paid to the plaintiff on or before the 25th day of December, A. D. 1837, and this he, the said defendant, is ready to verify. The second plea pleaded by said defendant, is like the first, except that it "avers that the plaintiff accepted and received the said deed in discharge and satisfaction of the said writing in plaintiff's petition mentioned." To the first plea, the plaintiff demurred and the demurrer was sustained. On the second, issue was taken, and found for the plaintiff, and judgment went for the debt and damages claimed.

The question raised by the plaintiff in error is, that the court erred in sustaining the demurrer to the first plea. In support of this, it is insisted that the deed executed to defendant in error was a merger, and an extinguishment of the note sued on—3 East, 259; 2 Tucker's Commentaries, 137-8; 1 Mo. Dec. 617, and other au-

To an action on a promissory note, a plea, that after making the note defendant executed a *deed*, conveying certain property to defen-

AUGUST TERM, 1838.

*dant on condition that, if defendant paid a certain sum of money, being the identical debt secured by the note sued on, by a certain day, the deed to be void, otherwise to be absolute, without averring that such deed was made and accepted as a satisfaction of the note, is bad.*

thorities are cited. If one indebted upon simple contract, give a bond for the same debt, and that bond be accepted, the simple contract is merged in the higher security. In this case, if the deed was given and accepted in satisfaction of the note sued on, then the note was merged in the deed; but if the deed was given merely as collateral security, then there was no merger or extinguishment of the debt due upon the note. If it be doubtful from the terms of the higher security whether it is a merger of the simple contract, or merely collateral security, the intention of the parties in making the instrument should be inquired into. In this case, the terms of the deed leave the intention of the parties somewhat doubtful, but the better impression seems to be that the deed was given and accepted merely to secure the payment of the note, and not in satisfaction of the note. It was then a mere collateral security, and the note was not merged.

It is insisted by the defendant in error, that the first plea is defective, in not averring that the deed was accepted in satisfaction of the note. In this the law is clearly with him—3 East's R. 259; 3 Chit. 925. If the deed had been intended as a satisfaction of the note, still it could not have operated as such until it was accepted in satisfaction; and the first plea not averring that fact, was bad, and the demurrer properly sustained. The other judges concurring, the judgment of the circuit court is affirmed.