TREASURER OF THE STATE LUNATIC ASYLUM v. DOUGLAS,
*Plaintiff in Error.*

1.  A Bond payable to the "Treasurer of the State Lunatic Asylum," without naming the incumbent, is good.

2.  A Bond is not void because the names of the obligors do not appear in the body of it.

3.  State Lunatic Asylum: BLANK BOND. The obligors in a bond given to the treasurer of the State Lunatic Asylum bound themselves "to pay to said treasurer, or his successors in office, the sum

of —— dollars per week for the board of " a patient. *Held*, that the omission to fix the rate of board per week did not invalidate the bond. The law would imply a reasonable rate ; and under the statute, (G. S. 1865, p. 305, ¿ 9,) a statement certified by the superintendent of the asylum, would be *prima facie* evidence of the amount due.

4. ——: ATTORNEY'S FEE. In a suit on a bond for the board of a patient at the State Lunatic Asylum, the court is authorized to tax as costs, a reasonable fee for the attorney of the asylum.

*Error to Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

This was an action to recover for the board, etc., of Mrs. Blue, a patient at the State Lunatic Asylum at Fulton. The action was on a bond signed by defendant Douglas and others, in the following form : " Know all men by these presents, that we, —— ——, of the county of Chariton, are held and firmly bound unto ——, Treasurer of the Missouri Lunatic Asylum, and his successors in office, in the sum of $500, for the payment of which we jointly and severally bind ourselves firmly by these presents, sealed with our seals, and dated this 24th day of December, 1868. The condition of this obligation is such that : Whereas, Mrs. Martha M. Blue has been admitted as a patient in the Missouri State Lunatic Asylum at Fulton ; Now, therefore, the condition of this obligation is, that if the said obligors shall pay to the said treasurer, or his successors in office, the sum of —— dollars per week for the board of said patient, so long as she shall continue in the said asylum    *    *    then this obligation shall be void ; otherwise to remain in full force."

At the trial the defendant objected to the introduction of this bond in evidence, on the following grounds: (1) Because it is not made payable to any person as Treasurer of the State Lunatic Asylum, by name. (2) Because the names of the obligors do not appear in the body of the

bond. (3) Because the amount of the board to be paid per week is not stated in the body of the bond. These objections were overruled, and the bond was admitted. Plaintiff also offered in evidence a statement of the amount due, certified by the superintendent of the asylum, and parol evidence in explanation of the several items. Defendant made the same objections to this evidence as to the bond, but the court overruled them, and gave judgment for plaintiff for the amount claimed, together with an attorney's fee.

*Chas. A. Winslow* for plaintiff in error.

The blank spaces left for the name of the treasurer and the rate of board should have been filled. G. S. 1865, p. 307, § 23. This not having been done, the bond is void. *U. S. v. Nelson*, 2 Brock. 64; *Phelps v. Call*, 7 Ired. (N. C.) Law 262; *Pelham v. Grigg*, 4 Ark. 141; *Preston v. Hull*, 23 Gratt. 600; s. c., 14 Am. Rep. 153; *Wunderlin v. Cadozan*, 50 Cal. 613; Bishop on Contracts, § 22; 2 Parsons Contracts, (6 Ed.) *563.

*Kinley & Wallace* for defendant in error.

The omission of the treasurer's name does not invalidate the bond. *Brittin v. Mitchell*, 4 Ark. 92; *Tevis v. Randall*, 6 Cal. 632; *Hopkins v. Plainfield*, 7 Conn. 286; *Dyer v. Covington Tp.*, 28 Pa. St. 186; *Fairfax v. Soule*, 10 Vt. 154; *Fort Wayne v. Jackson*, 7 Blackf. 36; *Chapin v. R. R. Co.*, 8 Gray 575; *Charles v. Haskins*, 11 Iowa 329; *Jones v. Thomas*, 21 Gratt. 96; *Richardson v. People*, 85 Ill. 495. The omission of the names of the obligors is not fatal. *Keeton v. Spradling*, 13 Mo. 321; *Johnson v. Steamboat Lehigh*, 13 Mo. 539; *Cunningham v. State*, 14 Mo. 402; *State v. Wilcox*, 59 Mo. 176; *Ahrend v. Odiorne*, 125 Mass. 50; s. c., 28 Am. Rep. 199. Nor is the omission of the rate of board per week. 2 Parsons Contr., (6 Ed.) 553; Abbott's Trial Ev., 294, 295, 527, 528: *Robinson v. U. S.*, 13 Wall.

363; *Moore v. Meacham*, 10 N. Y. 208; *Agawam Bank v. Strever*, 18 N. Y. 502; *Heinnemann v. Rosenback*, 39 N. Y. 98; *Blossom v. Griffin*, 13 N. Y. 569; *Harman v. Howe*, 27 Gratt. 676; *Whitney v. Darrow*, 5 Oregon 442; *Supervisors v. Pabst*, 45 Wis. 311; *Letcher v. Letcher*, 50 Mo. 137; *Chambers v. Board of Education*, 60 Mo. 379; *Rollins v. Claybrook*, 22 Mo. 407; *Moss v. Green*, 41 Mo. 389; *Briggs v. Munchon*, 56 Mo. 467; 1 Greenleaf Ev., § 277, 284 a.

SHERWOOD, J.—Action on a bond executed and delivered to the Treasurer of the State Lunatic Asylum.

There is nothing in the point that the name of the treasurer is not inserted in the bond.

Equally untenable is the objection that the names of the obligors are not inserted in the body of the bond. As shown by the authorities cited by plaintiff, this point is well settled in this State.

Now, as to the blank left in the bond in respect to the board of Martha M. Blue. It seems from the authorities that if the blank is caused by an omitted word or words, which being omitted, the instrument would have no legal existence, that then, parol, or oral evidence, is incompetent to supply such omission, and the defect is fatal. 2 Parsons Contr., 563. But there is no doubt that where the defect is not of such, a serious character, and where, as here, it appears that the whole contract was not reduced to writing, and the writing does not purport to be a complete expression of the intention of the parties, that is to say, of the entire contract, but only a part thereof is reduced to writing, that in such case the portion thus omitted, the intention thus remaining unexpressed in writing, may be supplied by parol. *O'Neil v. Crain*, 67 Mo. 250, and cases cited. The bond in the case at bar, shows incompleteness upon its face, in regard to the compensation to be paid for the board of the patient. There would seem to be no room to question that the obligors bound themselves to pay for the board of the patient, and if they failed

to contract respecting the rate, the law would imply a reasonable one. In this case, however, judging from the items of credit in the account, there was no misunderstanding as to the amount to be charged for board. And under the statute, the account officially certified by the superintendent as to the amount due is *prima facie* evidence of such amount. Gen. St. 1865, p. 305, § 9. And no objection was taken as to the sufficiency of the certificate here.

So far as concerns the attorney's fee demanded in the petition, the statute, (Gen. St. 1865, p. 312, § 49,) authorizes the court in any suit instituted in behalf of the asylum to assess and tax as costs a reasonable attorney's fee.

This case was tried conformably to the theory heretofore announced, and judgment affirmed. All concur.