W. N. WILKERSON *et al.*, Appellants, v. THOMAS A. BRUCE, Respondent.

St. Louis Court of Appeals, May 28, 1889.

1. **Accord and Satisfaction**: PLEADING. A plea of accord and satisfaction, which fails to state that the matter relied upon as an accord was accepted as a satisfaction by the creditor suing, is bad on demurrer, but good after a verdict sustaining it.

2. ——— : EVIDENCE. There must be evidence of such an acceptance; and a written transfer of a policy of insurance purporting to be for the benefit, *pro rata*, of specified creditors, if only accompanied by the debtor's testimony that he understood that it was to be a satisfaction of the claims of such creditors, does not constitute such evidence.

3. **Practice, Trial**; MOTION IN ARREST OF JUDGMENT. The allegation in such a motion, that "on the whole record plaintiffs should have recovered," presents no ground for complaint, when under the pleadings in the cause the burden of proof is upon the plaintiffs.

*Appeal from the Pemiscot County Circuit Court.—* Hon. H. C. O'Bryan, Judge.

Reversed and remanded.

*C. P.* and *J. D. Johnson,* for the appellants.

(1) Defendant's plea of "satisfaction and payment" was intended doubtless to be a plea of accord and satisfaction, but does not amount to such inasmuch as it fails to allege plaintiffs agreed to accept the assignment of the policy in satisfaction of their claim. 2 Parsons Cont. [ 6 Ed. ] 681 ; *Shaw v. Burton,* 5 Mo. 478. Or, if it is to be taken as a plea of payment, it is insufficient in not alleging that the assignment was received by plaintiffs in payment of their claim. *German v. Mulhall,* 8 Mo. App. 558. Hence, plaintiffs' motion in arrest of judgment should have been sustained. (2) The verdict is contrary to the evidence as well as to the weight of the evidence. There is no evidence that the plaintiffs contracted to accept the assignment of the policy in satisfaction or payment of their claim. The only evidence on the point is the testimony of the defendant to the effect that he understood that the assignment was made in payment of his indebtedness ; but this is not evidence of an agreement ; and, besides, the assignment, which should have embodied the agreement, if any had been made, is silent upon the question, and contains conditions which are inconsistent with any such understanding. The principle involved is analogous to that involved in cases where notes have been given for debts, and in which it has been uniformly held that a note will not operate as a payment unless there is a positive agreement to that effect, and unless the note is given and accepted as a payment. *Appleton v. Kennon,* 19 Mo. 637 ; *Commiskey v. McPike,* 20 Mo. App. 82 ; *Howard v. Jones,* 33 Mo. 583 ; *Bank v. Payne,* 31 Mo. App. 512 ; *Block v. Dorman,* 51 Mo, 31 ; *Wiles*

*v. Robinson*, 80 Mo. 47; *Holmes v. Lykins*, 50 Mo. 399. When a verdict is absolutely without proof to sustain it, or is not supported by substantial evidence, as in this case, a new trial should be granted. *Spooner v. Hannibal*, 23 Mo. App. 403; *Wright v. Missouri*, 20 Mo. App. 481; *St. Louis v. Bodemann*, 12 Mo. App. 573; *Lionberger v. Pohlman*, 16 Mo. App. 392; *Ficher v. Merchants*, 13 Mo. App. 133; *Hipsley v. Kansas*, 88 Mo. 348; *Hunt v. Missouri*, 89 Mo. 607; *Ellis v. Bray*, 79 Mo. 227; *Whitsett v. Ransom*, 79 Mo. 258; *Schenck v. Sautter*, 73 Mo. 48; *Schneiding v. Ewing*, 57 Mo. 78; *Cary v. St. Louis*, 60 Mo. 209; *Dedo v. White*, 50 Mo. 241; *Ackley v. Staehlin*, 56 Mo. 559.

*R. B. Oliver*, for the respondent.

The only question presented by this record is as to whether or not appellants accepted, and respondent made, the assignment of the policy in full satisfaction of appellants' demand. That question was fairly and clearly put to the jury by the instruction given by the court on behalf of respondent, and was by the jury found for the defendant. Where there is any testimony on an issue made, and that issue is fairly put to the jury this court will not disturb the finding of the jury.

THOMPSON, J., delivered the opinion of the court.

This is an action to recover a balance alleged to be due on a merchant's account. The answer is a general denial, and also a plea of payment, in the following language:

"For further answer defendant says that in 1884 he assigned to this plaintiff and three other creditors a policy of insurance in full satisfaction and payment of this demand against him. Wherefore he again prays for judgment." There was a reply, denying the new matter in the answer. There was a trial before a jury, and the defendant had a verdict and judgment. The plaintiffs, appealing, assign for error:

I.   That the averment in the answer, above set out, does not amount to a plea of payment or of accord and satisfaction.   We think that this paragraph of the answer would have been bad on demurrer.   The form given in the appendix to the Revised Statutes for an answer setting up an accord and satisfaction recites that the defendant "delivered to the plaintiff one wagon, *which he received* in full satisfaction of the note mentioned in the petition."   And the law clearly is that it is necessary to aver that the thing delivered was *received* or *accepted* in satisfaction of the debt.   *Shaw v. Burton*, 5 Mo. 478, 480; *German Bank v. Mulhall*, 8 Mo. App. 558.   But this defect is challenged only by a motion in arrest of judgment, setting forth that "on the whole record plaintiffs should have recovered."   The verdict is a part of the record, and this paragraph of the answer, though bad on demurrer, was certainly cured by the verdict.   Besides, the motion in arrest was drawn in such general language that it did not necessarily apprise the court or the opposite counsel that this part of the answer was challenged; and as it did not necessarily raise the question in the trial court, we ought not to consider it here.   Moreover, the motion was otherwise clearly not well taken; because, leaving out of view the question of the sufficiency of the plea of payment, the existence of the debt sued for was not admitted, but was denied by the answer; the burden of proof was on the plaintiffs, and the court could not have rendered judgment for the debt on the pleadings, especially after a verdict for the defendant.

II.   The second assignment of error is that there was no evidence to support the affirmative defense thus set up.   A majority of the court are of opinion that this assignment of errors is well taken.   It appeared in evidence that the defendant assigned to Hunsdon Cary, for the benefit of several of his creditors, a policy of insurance under which a loss had occurred, which assignment, endorsed on the policy, was as follows:   "For value

received, I, T. A. Bruce, the insured in the within, do hereby assign, transfer and convey the within policy, which has become a claim by fire to the amount of $2262.48, unto Hunsdon Cary, of Memphis, Tennessee, as trustee for the benefit of the following parties, to whom I am indebted, to-wit :

Schoolfield, Hannauer & Co., debt......$1401.96
W. N. Wilkerson & Co., debt.. ...... 452.06
Anderson Hat Co., debt.............. 190.00

Mrs. M. K. Sims, for such sum as I may owe to her on a settlement of accounts between us, which accounts have been kept with T. B. Sims & Co. When this policy is collected the proceeds shall be divided *pro rata* among the above parties after payment of expenses of collection. Mr. Cary has authority to make any compromise of this policy which may be approved by the above creditors."

It is to be observed that this assignment does not on its face purport to be made in payment or in satisfaction of the debts therein recited. The law does not, of course, imply that it was made in payment or satisfaction. Any principle, that would raise such an implication from the terms of this assignment, would make every assignment for the benefit of creditors a satisfaction of the debts due to the creditors for whose benefit it was made, and would convert every such assignment into an assignment in bankruptcy with a discharge of the debtor. The most that can be said in favor of this assignment is that it presents a latent ambiguity on the point of contention whether it was intended to be satisfaction or merely collateral security, which ambiguity is explainable by parol evidence.

But there was no parol evidence showing that it was *accepted* as payment by the parties for whose benefit it was made. If such was the agreement, the defendant himself, who personally made the assignment, must

have been able to state the fact. But he does not state it. His testimony is as follows:

"Question. What did you do with your insurance policy upon said destroyed property?

"Answer. I carried it down to Memphis and turned it over to a lawyer, or assigned it to him, for the benefit of certain creditors, of whom plaintiffs were one. Schoolfield, Hannauer & Co., Anderson Hat Co. and Mrs. M. K. Sims were the others.

"Question. Did you make that transfer in full payment of your indebtedness to the said creditors?

"Answer. That was my understanding.

"Question. Did said creditors accept the said policy in full payment of their said indebtedness?

"Answer. I think so, sir."

### CROSS-EXAMINED.

"Question. Did you get a written release from the plaintiffs and your other preferred creditors?

"Answer. No, sir.

"Question. Did you ever get a receipt or any other writing from them?

"Answer. No, sir.

"Question. Did you ever ask for any?

"Answer. No, sir, I didn't.

"Question. Did you at the time, or since that time, demand a receipt from your said creditors, or that their book accounts be balanced, in your favor?

"Answer. No, sir.

"Question. You say that it was your understanding that the assignment was made by you in full payment of your said debts?

"Answer. That was my understanding. I thought at the time the insurance policy would pay the debts to the creditors, and I would get something out of it myself, that is over and above their indebtedness against me."

The questions and answers, when analyzed, amount to this, and nothing more : *First.* That it was the witness' *"understanding"* that *he made* the transfer in full payment of his indebtedness to the creditors therein mentioned. *Second.* That *he thinks* that the creditors *accepted* the policy in full payment of their indebtedness. *Third.* That he got no writing of any sort evidencing that fact. *Fourth.* That *he thought,* at the time when he made the transfer, that the policy would pay the creditors, and that he would get something out of it himself, over and above their indebtedness against him.

The very most that can be said in favor of the above is that it is only evidence of what the defendant *understood* and of what he *thinks,* and *thought.* But the understanding of *one party* does not make a contract, nor an accord and satisfaction. Nor does what a witness thinks rise to the dignity of evidence, where the fact, if it be a fact, is within his own knowledge, and susceptible of being proved by a positive statement.

Nor is the failure of evidence, on the part of the defendant on this issue of payment, helped out by any *corroborative evidence.* Corroborative evidence implies, from its very nature, that there must be substantial evidence to corroborate. But the fact appealed to as a corroboration, that the assignment gave the trustee, with the approval of the creditors, the power to compromise the claim with the insurance company, is not necessarily so ; for it may be said that, if the assignment had been made in payment, that would not have been necessary; for, they being the owners of the claim, that would have been their legal right.

But, aside from all this, the defendant's own evidence, which if it were doubtful must be construed as a whole and most strongly against himself, shows an understanding on his part which is quite incompatible with the idea of payment or accord and satisfaction ; he was to get the surplus, if any, after the debts were

paid. This shows that he did not understand that he was parting with his full beneficial interest in the policy ;—a thing which necessarily takes place where a chattel or chose in action is transferred in payment or in satisfaction. We therefore take it that the defendant offered no substantial evidence in support of this defense, but showed by his own evidence that it was not true. It is to be added that if this transaction meant payment or satisfaction, it would have been the easiest and simplest thing in the world to say so in the instrument of assignment.

The judgment will be reversed and the cause remanded. Judge ROMBAUER concurs. Judge BIGGS dissents.