Hyde v. Hazel.

WASHINGTON HYDE, Appellant, v. JAMES F. HAZEL, Respondent.

### Kansas City Court of Appeals, February 2, 1891.

1. **Bills and Notes:** PLEADING: EVIDENCE: PAYMENT: CROSS DEMAND. Defendant made his negotiable promissory note to W, who indorsed it to B., who brought suit and then transferred it to plaintiff, who was substituted as such for B. The answer was a general denial, and then by way of cross petition set up that B. was indebted to the defendant $300, for three years' rent for a cheese factory. *Held,*—

    (1) The court erred in admitting evidence of various cash payments under this answer.

    (2) Also, in admitting evidence to show an agreement that the rent of the cheese factory was to be applied on the note.

    (3) Also, in admitting any testimony to support the cross demand, as it was in no manner connected with the note, and could not be laid on a negotiable note in the hands of an assignee, whether indorsed before or after due.

    ON MOTION FOR REHEARING.

2. ———— : ———— : ———— : ————. The allegation of the petition that " there is due him thereon the sum of $250 " will not authorize the admission of evidence of payment under the general denial.

3. ———— : ———— : ———— : SET-OFF. If the theory that under the pleadings it was admissible to show payments were correct, still testimony showing an agreement that factory rent should be applied as payment on the note would be inadmissible, since it is set up in the answer as an offset.

*Appeal from the Jackson Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Kagy & Bremermann,* for appellant.

( 1 ) No evidence of payment of the notes sued on was admissible, because payment was not pleaded. Myers' Supplement to Whittelsey's Practice, sec. 163, subd. *m; Martin v. Pugh,* 23 Wis. 184; *Hubler v.*

*Pullen*, 9 Ind. 273 ; *Baker v. Kistler*, 13 Ind. 63 ; *McKyring v. Bull*, 16 N. Y. 297 ; *Texier v. Gouin*, 5 Duer. 389 ; R. S. 1889, sec. 2049 ; *Smith Co. v. Rembaugh*, 21 Mo. App. 393. *Wilkerson v. Farnham*, 82 Mo. 678, is strongly in point and cites ; Bliss on Code Pleading, sec. 358; *Ennis v. Hogan*, 47 Mo. 513 ; *Stevens v. Thompson*, 5 Kan. 305. ( 2 ) The court erred in admitting evidence of agreement to apply rent of cheese factory on second note, and that defendant had so paid the second note. Authorities, *supra*. The court erred in refusing to give instructions, numbered 1, 4 and 6, asked by plaintiff. R. S. 1889, sec. 2186. ( 3 ) The court erred in permitting defendant to introduce any evidence on his counter-claim. Set-off and counter-claim are not applicable to negotiable paper. *Barnes v. McMullins,* 78 Mo. 269 ; *Cutter v. Cook*, 77 Mo. 388 ; *Haeussler v. Greene*, 8 Mo. App. 451 ; *Grier v. Hinman*, 9 Mo. App. 213 ; Daniel Neg. Ins., sec. 725 ; *Wheeler v. Barrett*, 20 Mo. 575 ; *Gullett v. Hoy*, 15 Mo. 399 ; *Henly v. Halzel*, 19 Mo. App. 245.

No brief for respondent.

ELLISON, J.—This action is founded on two promissory notes executed by the defendant to one Welchman, and by him indorsed to one Barton, and by him transferred to plaintiff since the beginning of the suit, plaintiff being substituted for Barton. The answer was a general denial, and, "by way of cross petition," alleged that Barton was indebted to defendant in the sum of $300, that sum " being the agreed rental of a certain cheese factory" for the years 1881, 1882 and 1883, "at a rental agreed on between this defendant and said plaintiff, for $100 per year."

Evidence of various cash payments were admitted under this answer. This was error. Payment is new matter not admissible under a general denial. *Wilkerson v. Farnham*, 82 Mo. 672 ; *Smith v. Rembaugh*, 21 Mo. App. 390.

So the ·court erred in admitting testimony under this answer, tending to show that there was an agreement between defendant and Barton, that the rent of the cheese factory was to be applied on either or both of the notes.

So, also, the court erred in admitting any testimony to support the defendant's cross demand. The notes were negotiable and indorsed by the payee; whether before or after due is immaterial. The demand set up by defendant was in no manner connected with the notes (in so far as the answer discloses), and, not being so, it was not such a claim as could be laid on negotiable notes in the hands of an assignee. Such claim, in order to be of any avail, should be connected with or arise out of the note itself. *Gullett v. Hoy*, 15 Mo. 399; *Barnes v. McMullins*, 78 Mo. 260.

The judgment is reversed, and the cause is remanded. All concur.

ON MOTION FOR REHEARING.

ELLISON, J.—Our attention has been called to the fact that we overlooked an allegation in the petition that "there is due him thereon the sum of $250," etc., and that such allegation in connection with defendant's general denial was the ground upon which the trial judge placed his ruling, admitting proof of payments notwithstanding they were not set up in the answer.

It is insisted that this allegation by plaintiff, when met by a general denial, made an issue as to all payments claimed. In other words, the allegation that there was due plaintiff $250, though unnecessary to the proper statement of plaintiff's case, yet when met by a general denial would let in testimony, such as payments, going to show that such sum was not due him. There are authorities which sustain this contention. *McElwell v. Hutchinson*, 10 S. C. 436; *Marley v. Smith*, 4 Kan. 183, and the case of *Bogie v. Nolan*, 96

Mo. 85, lend some color to the position. But the late case of *Hudson v. Railroad*, 101 Mo. 13, appears to be directly applicable to the point in dispute and settles it against the plaintiff. In that case, as well as in *Karle v. Railroad*, 55 Mo. 482, the allegation that the plaintiff was injured without any negligence or fault on his part was met by a general denial. Such allegation was unnecessary, as is the allegation in this case that there was due plaintiff the amount of the note. The contention there was, as it is here, that such allegation in the petition when followed by a general denial raised the issue of a contributory negligence. But the court decided that, by merely answering the allegation in the plaintiff's petition, the defendant can try only such questions of fact as are *necessary* to sustain the plaintiff's case.

II. The admission of testimony showing an agreement that the rent of the cheese factory was to be applied as a payment on the note would have been improper, though the court's theory as to the pleadings had been correct; for in this case the rent of the cheese factory is specially set up by way of "cross-petition" as a subsisting debt due defendant, and appears to be brought in in the nature of a set-off.

The motion is overruled. All concur.