J. EDGAR GUINOTTE, Trustee, Respondent, v. ISAAC M. RIDGE, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1. **Construction**: EVIDENCE : TRUSTEE OF EXPRESS TRUST : ASSIGNMENT : POWER OF ATTORNEY. An assignment of certain tax bills with a declaration of partnership therein with one T., and a general power of attorney, both set out in the opinion, constitute plaintiff a trustee of an express trust, and authorized him to sue in his own name, without joining with him the person for whose benefit the suit is prosecuted; and the fact that T., the named partner, did not sign or execute any written authority to plaintiff is of no consequence.

2. **Pleading**: GENERAL DENIAL : EVIDENCE. The defendant by merely answering the allegations in the petition can only try such questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely upon any matter which goes to defeat or avoid the plaintiff's action, he must set forth in clear and precise terms each substantive fact intended to be relied upon, else he will be precluded from giving evidence of it upon the trial.

3. ———: SPECIAL TAX BILL : GENERAL DENIAL : KANSAS CITY CHAR-
TER. In an action to enforce a special tax bill under the charter
of Kansas City, it is sufficient to plead the making and issue of
the tax bill sued on, giving the date and contents thereof, and
assignment thereof in case of assignment, filing the same, and
allege that the party or parties made defendant own or claim to
own the land charged, etc. The owner may plead in defense the
imperfect character of the work, etc. Plaintiff does not have to
allege or prove the work was well and faithfully done ; and a gen-
eral denial does not raise the question as to the character of the
workmanship, which must be specifically alleged in the answer.

*Appeal from the Jackson Circuit Court.*—HON. JOHN
W. HENRY, Judge.

AFFIRMED.

*Silas F. Allen* and *A. H. Hoge,* for appellant.

(1) In order to recover, respondent must prove all
the material allegations of the petition. An instrument
signed by Bingham alone was read in evidence, which
purports to be an assignment of a half interest in his
contract to Todd, and which recites and ratifies the
power of attorney executed by Bingham to J. E.
Guinotte, the respondent. This power of attorney, then
read in evidence, simply gives to respondent the right
to receive from and receipt to the city engineer all tax
bills issued under the contract. It is nothing more nor
less than a naked authority given by Bingham to
respondent to receive these tax bills from the engineer.
There is no transfer of title or of any interest in the tax
bills to respondent. There is no authority given him to
sue or collect upon them. *Headlee v. Cloud,* 51 Mo.
301 ; *Beattie v. Lett,* 28 Mo. 596; *State to use v. Matson,*
38 Mo. 489 ; *Furniture & Lumber Co. v. Roddatz,* 28
Mo. App. 210. ( 2 ) Again, the respondent cannot
recover if it appears from the evidence, under the plead-
ings, that the contractor failed substantially to comply
with the terms of his contract. The tax bills, under

the statute, are only *prima facie* evidence of the matters therein recited, and this statute has never been held to preclude the introduction of positive testimony contradicting such recitals. *Meyer v. Wright*, 19 Mo. App. 283; *City to use v. Clemens*, 49 Mo. 552. (3) A general denial puts in issue each and every material allegation contained in the petition, and under a general denial the defendant may prove any fact going to show that the plaintiff never had any cause of action against him. *Greenway v. James*, 34 Mo. 328; *Hoffman v. Perry*, 23 Mo. App. 20; *Stewart v. Goodrich*, 9 Mo. App. 125; *Allen v. Richard*, 83 Mo. 55; *Cavender v. Waddington*, 2 Mo. App. 556; *State to use v. Williams*, 48 Mo. 210; *Spring v. Conway*, 75 Mo. 510; *Traders' Bank v. Payne*, 31 Mo. App. 512; *Industrial Home v. Fritchey*, 10 Mo. App. 344. In a suit on a special tax bill, if the defendant show that there was not a substantial compliance with the contract, plaintiff cannot recover. *Bank v. Payne*, 31 Mo. App. 512; *Meyer v. Wright*, 19 Mo. App. 283.

*Karnes, Holmes & Krauthoff*, for respondent.

(1) All questions on this score were put at rest by the subsequent transfer to Guinotte. The criticism upon this instrument seems to be that it is not signed by Todd. As the tax bills were payable to Bingham, Todd could only claim by a transfer, and was bound to take his title subject to the conditions of the transfer. So that, if Todd made claim, it would stand subject to the provision that Guinotte should collect. Unless he accepted the transfer as made, he had no interest in the bills. If Todd repudiated this transfer, Bingham was left as the sole holder, and his act alone could transfer the legal title to the instruments. *Rogers v. Gosnell*, 58 Mo. 589; *Lewis v. Ins. Co.*, 61 Mo. 534, 538; *Tureman v. Stephens*, 83 Mo. 218. (2) The point of objection is that Todd should have been joined as a plaintiff.

So far as Bingham's interest is concerned that has confessedly passed to Guinotte. It seems to be assumed that Todd might claim under one part of the instrument, and, by repudiating the remainder of it, deny Guinotte's right to collect and sue in his own name for his half, even after it was barred by the statute. This is purely a question of defect of parties. Not having been raised by answer, it stood waived. *Rickey v. Tenbroeck*, 63 Mo. 563, 570; *State v. Berning*, 74 Mo. 87, 99; *Young Men's Ass'n v. Dubach*, 82 Mo. 475, 481; *Pike v. Martindale*, 91 Mo. 268, 278; *Garrett v. Cramer*, 14 Mo. App. 401, 404; *Shockley v. Fischer*, 21 Mo. App. 551, 556. (3) All the facts enumerated in the charter were alleged and proved by the plaintiff. The defendant offered evidence dehors the tax bills and of matters not embraced within the specified allegations. His only pleading was a general denial. *Northrup v. Ins. Co.*, 47 Mo. 435, 444; *Hudson v. Railroad*, 101 Mo. 13, 29, 30. The plaintiff was not required to make any proof as to the matters sought to be shown by the excluded evidence. This is the test by which to determine what is "new matter" required to be specially pleaded. Bliss on Code Plead. [2 Ed.] sec. 352, *Williams v. Mellon*, 56 Mo. 262, 264; *Harrison v. Railroad*, 74 Mo. 364, 373; *Kersey v. Garton*, 77 Mo. 645, 647; *Zoll v. Carnahan*, 83 Mo. 35, 41; *Musser v. Adler*, 86 Mo. 445, 449; *Taylor v. Railroad*, 26 Mo. App. 336, 341; *Hudson v. Railroad*, 32 Mo. App. 667, 680.

GILL, J.—One J. H. Bingham was a contractor with the City of Kansas to construct a first-class sidewalk along a portion of Main street, and defendant Ridge, the owner of certain abutting lots. After the completion of the work tax bills were issued by the proper officer and delivered to Bingham (or rather to Guinotte, his assignee), and this suit is brought by Guinotte, under an alleged assignment from Bingham to enforce payment of six of these tax bills charged against as many

lots owned by Ridge. The parties waived trial by jury, and submitted the cause to the court below, where plaintiff had judgment, and defendant appealed.

I. There are two grounds relied on for reversal: *First.* It is contended that there was no evidence tending to show that Guinotte was the legal owner or was entitled to sue on the tax bills as trustee or otherwise. We must decide this point against the defendant. To establish his right to sue, plaintiff at the trial offered the two instruments of writing following:

"For value received I hereby sell, assign and transfer to George Todd an undivided one-half interest in my contract with the City of Kansas, dated January 6, 1886, to construct a first-class sidewalk on a part of Main street, in pursuance to ordinance 31347 of the City of Kansas, approved October 6, 1885, it being hereby intended to make said Todd my full partner in said contract, and the proceeds thereof, after paying all lawful claims and expenses arising out of the execution of said contract, to be equally divided between said Todd and myself. And it is hereby mutually agreed that J. E. Guinotte, authorized by power of attorney, this day given by me, receive and receipt for to the city engineer of said city for tax bills issued in pursuance of said ordinance and contract, and hold and collect said tax bills in trust for said Todd and myself and pay out of same, *first*, all debts and expenses growing out of said contract; *second*, divide balance of said tax bills or proceeds equally between us.

"J. H. BINGHAM."

"GENERAL POWER OF ATTORNEY.

"Know all men by these presents, that I, J. H. Bingham, of the City of Kansas, county of Jackson, in the state of Missouri, have made, constituted and appointed, and by these presents do make, constitute and appoint, J. E. Guinotte my true and lawful attorney for me, and in my name, place and stead to receive from and receipt to the city engineer of the City of Kansas all

tax bills to be issued to me in pursuance of my contract with said city, under ordinance number 31347, entitled 'An ordinance to construct a first-class sidewalk on a part of Main street, approved October 16, 1885,' giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully and to all intents and purposes, as I might or could do if personally present at the doing thereof, with full power of substitution or revocation, hereby ratifying and confirming all that my said attorney may or shall lawfully do, or cause to be done, by virtue hereof. In testimony whereof I have hereunto set my hand and seal this ninth day of January, 1886.

" [ Seal.]          J. H. BINGHAM."

The contention seems to be: *First*, that these writings, signed by the party to whom the tax bills were to be issued under the contract with the city, only empowered Guinotte to "*receive and receipt*" for the said tax bills—that this was the extent of his authority. While the construction of the words in the power of attorney may be subject to doubt, yet the other paper, executed at the same time, leaves no room to question the intention of the parties. It is there provided that. "J. E. Guinotte (authorized by power of attorney this day given by me) receive and receipt for to the city engineer of said city for tax bills issued in pursuance of said ordinance and contract, and *hold and collect* said tax bills in trust for said Todd and myself," etc. Here clearly appears a declaration of intention by the holder of the tax bills that Guinotte take the same and proceed to collect for the joint benefit of Todd and Bingham, and with "full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises," etc. If the bills were not paid, then Guinotte was manifestly authorized to sue in his own name for the enforcement thereof. He was made a trustee of an

express trust, and as such was authorized to sue in his own name, without joining with him the person for whose benefit the suit is prosecuted. R. S. 1889, sec., 1191. That Todd did not sign or execute any written authority to Guinotte, is of no consequence. The tax bills stood in the name of, and were owned by, Bingham, and he agreed to turn over the one-half net proceeds to Todd; and if Todd accepted this transfer then he took the same with its incumbrance, to-wit, the authorization to Guinotte to receive the same, and collect, by suit or otherwise. In the transfer to Todd this express reservation is made, and he, therefore, took the assignment of said beneficial interest *cum onere*. *Tureman v. Stephens*, 83 Mo. 218.

II. The remaining assignment of error is thus expressed by defendant's counsel: "Because the court erred in refusing to permit the appellant, in the trial of said cause, to introduce evidence tending to show that the contractor, Bingham, had not constructed the sidewalk in question according to the terms of his contract, and the ordinance of the City of Kansas under which said contract was made." The evidence here alluded to, and which was by the court excluded, was of this nature : That the sidewalk was not laid upon a bed, five inches in depth, of sharp, coarse, river sand, as provided by the ordinance for the work, but on the other hand that it was laid upon a bed composed of ashes, cinders and refuse matter, and that, because of its being bedded on inferior material, the said walk was unsubstantial and inferior. . Under the state of the pleadings in this case the exclusion of this evidence was entirely proper. The answer to each count consisted of a general denial, except only an admission of the incorporation of the City of Kansas, and that an ordinance had been passed providing for the sidewalk in question. The trial court in sustaining the objection to this testimony is well supported by the uniform rulings of the courts of this state. The correct rule was well expressed by our supreme

court twenty years ago. In *Northrup v. Ins. Co.*, 47 Mo. 444, it was said: "The defendant, by merely answering the allegations in the plaintiff's petition, can only try such questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely upon any matter which goes to defeat or avoid the plaintiff's action he must set forth in clear and precise terms each substantive fact intended to be relied on. It follows that, whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial." To same effect see *Hyde v. Hazel*, 43 Mo. App. 668 ; Bliss on Code Pl., sec. 352 ; *Kersey v. Garton*, 77 Mo. 647 ; *Cumiskey v. Williams* 20 Mo. App. 611 ; *Williams v. Mellon*, 56 Mo. 263 ; *Hudson v. Railroad*, 101 Mo. 29.

It is then only the *material* (necessary) allegations of the petition which are to be tried on a general denial. The Kansas City charter, which authorized this work and the said tax bills, provides how the said bills may be enforced, as well as to what is necessary to be alleged in the petition. "It shall be sufficient for the plaintiff to plead the making and issue of the tax bill sued on, giving the date and contents thereof, and assignment thereof in case of assignment, filing the same, and allege that the party or parties, made defendants, own or claim to own the land charged or some estate or interest therein as the case may be." Charter Laws, 1875, sec. 4, art. 8, p. 252. And it is there, too, further provided in effect that the owner may *plead in defense* the imperfect character of the work, etc. So then it is clear that the plaintiff here was not required to allege affirmatively in his petition that the work for which the tax bills were issued was well and faithfully done, as provided by the contract or ordinance. And as he was not required to so plead, neither was he required to prove the same.

The tax bills when presented made a *prima facie* case, and, if defendant desired to raise any question as to the character of the workmanship, such defense should have been specially alleged in the answer. The allegation in plaintiff's petition, "that the work was done and the materials were furnished by said Bingham in full accordance with the terms, and by virtue of the contract, etc., and a general denial thereto did not produce the triable issue here contended for. The general denial of the answer only puts in issue, and permits a trial of, the *allegations necessary to the support of the plaintiff's case.* Whatever then may be voluntarily stated in the petition—whatever facts may be there alleged which are unnecessary to sustain plaintiff's case—such allegations are merely surplusage, and, even if defendant should in his answer deny the same, yet he will not be allowed to give evidence thereon, because not set out in his answer according to the statute in ordinary and concise language. This rule of pleading is forcibly illustrated in the late case of *Hudson v. Railroad, supra.* It was there alleged in plaintiff's petition "that by said negligent acts, and *without fault on his part,* he was then and there caught between two of said cars," etc., and the answer thereto was a general denial. It was contended that thereby the issue of contributory negligence was raised. But the court decided otherwise, and held that notwithstanding such unnecessary averment by plaintiff in his petition (that the injury occurred "*without fault on his part*") a general denial in the answer did not raise the issue of contributory negligence. The cases cited by defendant's counsel, all of which we have examined, do not conflict with this position.

Judgment affirmed. All concur.