JEFF MONTGOMERY, Respondent, v. GANN & MATHERS, Appellants.

Kansas City Court of Appeals, November 14, 1892.

1. **Evidence:** ADMISSIBLE UNDER GENERAL DENIAL. In an action to recover the price of a specific lot of grain, the answer was a general denial. *Held,* plaintiff must make out his case of sale and also the delivery; and anything which would tend to disprove either of these things,—as that defendant bought good wheat, and the wheat delivered was spoiled and damaged, which was delivered by plaintiff by mistake,—is admissible under the general denial.

2. **Sales:** STATUTE OF FRAUDS: DELIVERY: GENERAL DENIAL. The statute of frauds can cut no figure in this case; if the specific wheat purchased was not delivered, there can be no recovery, but, if it was delivered on the car, it is sufficient under the statute, and plaintiff should recover, whether it was good or bad, or how or when it became bad.

3. ———: PRINCIPAL AND AGENT: RATIFICATION: ACTION. An agent authorized to sell can recover the price in his own name, though he did not disclose his principal; but if the sale is unauthorized and unratified the seller cannot recover.

4. ———: SUGGESTIONS FOR RETRIAL. Some suggestions as to possible questions that may arise on a retrial are made.

*Appeal from the Buchanan Circuit Court.*—Hon. A. M. Woodson, Judge.

Reversed and remanded.

*Jas. W. Boyd,* for appellants.

(1) The court committed error in refusing to permit appellants to prove by respondent, that the wheat he put into the car and shipped was wet, musty and worthless. Respondent claims that he sold appellants good wheat. (2) The court refused to permit appellants to prove by respondent how much bad wheat he put into said car by mistake, and of course this was error, and material error. The wheat respondent put into said car by mistake was not the wheat which he claimed to have sold to appellants. (3) Appellants never saw the wheat he shipped them; never accepted it; never received any part of it, but declined to receive or accept it. There was no memorandum of writing ever made of the alleged bargain. No part of the alleged purchase price was paid. All this was shown by respondent's testimony and the testimony of his witnesses. Revised Statutes, 1889, sec. 5187; *Harvey v. Butcher's Ass'n,* 39 Mo. 212; *Ober v. Carson,* 62 Mo. 209; *Kirby v. Johnson,* 22 Mo. 354; *Lyle v. Shinnabarger,* 17 Mo. App. 66; *Cunningham v. Ashbrooke,* 20 Mo. 554; *Allen v. Richards,* 83 Mo. 55; *Sprague v. Kleinsorge,* 83 Mo. 152; *Lammers v. McGeehan,* 43 Mo. App. 664; *Johnson v. Cuttle,* 105 Mass. 447; *Jones & Co. v. Bank,* 29 Md. 287. (4) The court committed error in refusing instruction, numbered 2, asked by the appellants. Respondent testified that he only owned one-half of part of the wheat he put in the car, and only one-third of the other part he put in the car. *Clark v. Cable,* 21 Mo. 223; *Dewer v. Carey,* 60 Mo. 224; *Little v. Harrington,* 71 Mo. 390.

*P. Y. Brinton*, for respondent.

(1) Defendant cannot, under a general denial,. introduce evidence tending to show the worthless condition of an article bought. "The defendant by merely answering the allegations in plaintiff's petition can only try such questions of fact as are necessary to sustain the plaintiff's case." Bliss on Code Pleadings, sec. 352; *Northup v. Ins. Co.*, 47 Mo. 435; *Hudson v. Railroad*, 101 Mo. 29; *Guinotte v. Ridge*, 46 Mo. App. 261. (2) Under a general denial it was not error of the court to refuse to permit defendant to attempt to show that wheat was of an "inferior quality." (3) Appellants, in order to avail themselves of the statute of frauds, must plead them. *Graff v. Foster*, 67 Mo. 512; *Maybee v. Moore*, 90 Mo. 340. But, admitting that the statute of frauds could be raised under a general denial, we contend that the evidence unquestionably shows a delivery and acceptance sufficient to satisfy the statute. The wheat was to be delivered at Faucett, put upon a car there; that was the end of respondent's duties. When respondent delivered the wheat, as agreed upon, and at the instance of appellants it was moved away, that, under the law, was an acceptance. *Nichols v. Moore*, 100 Mass. 523; *Iron Works v. Railroad*, 62 N. Y. 272; Benjamin on Sales, sec. 699, note *a; Henney v. Powell*, 53 Mo. 468. (4) If an agent sells goods of his principal in his own name, as if he were owner, he is entitled to sue the buyer for the price in his own name, although the principal may also sue. *Keown & Co. v. Vogel*, 25 Mo. App. 35; Story on Agency, sec. 389.

ELLISON, J.—Plaintiff sold to defendants four hundred and seventy-three and seventy-five-hundredths bushels of wheat at $1 per bushel, the wheat to be delivered by plaintiff on a car at Faucett, a railroad

station.  Plaintiff not receiving his pay sued defendants and recovered judgment, from which defendants appeal.  Defendants' answer was a general denial.

The evidence shows that the wheat, which is involved in this transaction, was a *specific* lot of grain which was *examined* by defendants at the time they purchased.  Under the issue made by defendants' general denial, it was necessary for plaintiff to make out his case to prove the sale and also the delivery.  Anything which would tend to disprove either of these things would tend to defeat what was necessary for plaintiff to show to maintain his case, and would, therefore, be admissible under a general denial.  *Guinotte v. Ridge*, 46 Mo. App. 254, and cases cited.  Defendants offered to show that the wheat they bought was good wheat—grade number 2, and that the wheat delivered in the car was "spoiled and damaged; was musty and worthless."  This was excluded by the court as not being competent under a general denial.  The defendants also offered to show that the spoiled or damaged wheat was delivered in the car by plaintiff by mistake; this was also excluded for the same reason.  This testimony, if it had been admitted, would have had a tendency to prove that the wheat delivered was not the wheat which plaintiff examined and bargained for.  Its tendency would, therefore, have been to defeat one of the requisites of plaintiff's case, viz., a delivery of the specific lot of wheat which defendants purchased.  It should, therefore, have been admitted.

II.  There was no money paid, nor was there any memorandum in writing of the transaction.  But we do not perceive how the statute of frauds can cut any figure in the case, for if the wheat purchased was not delivered there can be no recovery.  And if the identical wheat purchased was delivered in the car (the place defendants directed it to be delivered) then there was a

delivery sufficient under the statute, and plaintiff should recover, under the answer, whether the wheat was good or bad; and no matter how or when it became bad.

III.   If on retrial it should be shown that part of the wheat sold by plaintiff belonged to another, but that plaintiff was authorized to sell it, he may still sue for the price; the fact that he sold it in his own name, without disclosing his principal, will not affect the case. *Keown v. Vogel*, 25 Mo. App. 35.   If, however, the property was that of another with no authority or right in plaintiff to dispose of it (and his unauthorized sale of it not ratified by the owner), he could not recover for the portion not owned by him.

It is possible that, when all the evidence is heard, other questions may arise in the case.   It may be that all the identical wheat examined and purchased by defendants was delivered where they directed it should be, and that other wheat, "spoiled and musty," may have been mixed with it by plaintiff.   What became of the wheat we are not informed.   What was the duty of defendants as regards the wheat in the condition they allege they discovered it, and their duty in respect to the plaintiff, is not discussed by counsel nor considered by us, though it does appear that defendants notified plaintiff that they would not take the wheat.   All these matters may develop at another trial.

Judgment reversed and cause remanded.   All concur.