Freiermuth v. McKee.

JOHN J. FREIERMUTH, Appellant, v. JOHN C. McKEE, Respondent.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Pleading: PAYMENT: ACCORD AND SATISFACTION.** Under a plea of payment evidence of an agreement amounting to accord and satisfaction is not admissible. The agreement should be pleaded in full.

2. **Trial Practice: PLEADING: EVIDENCE: INSTRUCTION.** Where evidence inadmissible under the pleadings is, however, admitted without objection, it is too late to object to an instruction based on such evidence.

3. **Accord and Satisfaction: SUFFICIENCY OF EVIDENCE.** Evidence relating to a special agreement amounting to accord and satisfaction is examined and found too indefinite, incomplete and uncertain to establish the agreement.

Appeal from the Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*James B. Newman* for appellant.

(1) Defendant does not plead accord and satisfaction, nor does the answer give any intimation that any other defense than full payment, would be relied on. The defense of accord and satisfaction must be pleaded. Shaw v. Burton, 5 Mo. 478; Wilkerson v. Bruce, 37 Mo. App. 156. (2) "Where a party totally omits to allege in the pleading either expressly, or impliedly, a matter essential to his action, or

defense, such defect is irremediable and entirely beyond the salutary effects of a verdict." 28 Am. and Eng. Ency. of Law, 424, note 4; Grove v. City of Kansas, 75 Mo. 672; Furnishing Co. v. Wallace, 21 Mo. App. 128; Jones v. Tuller, 38 Mo. 363; Lingenfelter v. Ins. Co., 19 Mo. App. 252; Hurst v. City of Ash Grove, 96 Mo. 168; 1 McQuillin Pl. and Pr., sec. 471; Bliss on Code Pl., sec. 438. (3) The testimony of defendant, even if it were true, shows neither accord, nor satisfaction, nor does it show payment. Goff v. Mulholland, 28 Mo. 397; 1 Am. and Eng. Ency. of Law (1 Ed.), 94 and 97 and note 2; Robinson v. Estes, 53 Mo. App. 582; Mfg. Co. v. Broderick, 12 Mo. App. 378; Lungstrass v. Ins. Co., 48 Mo. 201; Cangas v. Mfg. Co., 37 Mo. App. 297. (4) Part payment of a debt in money is not a good satisfaction, even if accepted. 1 Am. and Eng. Ency. of Law (1 Ed.), 97, n. 2. (5) Instruction number 1 for defendant, is clearly error, because based on a defense not raised in the answer. Mfg. Co. v. Ball, 43 Mo. App. 504; Melvin v. Railroad, 89 Mo. 106; Mossman v. Bender, 80 Mo. 579; Glass v. Gelvin, 80 Mo. 297; Bank v. Armstrong, 62 Mo. 59; Moffat v. Conklin, 35 Mo. 453; Bruce v. Sims, 34 Mo. 246, 251; Greer v. Parker, 85 Mo. 107; 2 Thompson on Trials, sec. 2309.

*L. C. Cook* for respondent.

No brief for respondent.

ELLISON, J.—Plaintiff leased his farm situated in the state of Iowa by written lease to defendant for three years at $450 per year, making a total rent of $1,350. Defendant paid the sum of $1,035.48 of the amount, leaving a bal-

ance, as plaintiff claims, of $314.52. Defendant's answer admitted the lease and pleaded payment in full. The judgment was for defendant.

Plaintiff's instructions, given at his request, seem to concede a payment of $1,038.75, and that the balance due was $311.27. Defendant claims to have paid the balance due in this way: That plaintiff told him that if he would sell his wheat and pay plaintiff the proceeds that he, plaintiff, would accept it in full discharge of the balance. That he sold his wheat (500 bushels) at fourteen cents per bushel, and deposited the proceeds to plaintiff's credit in the bank where plaintiff had an account. This was a special agreement amounting to an accord and satisfaction and should have been pleaded in the answer. It should not be received in evidence under the mere plea of payment. Shaw v. Burton, 5 Mo. 478; Wilkerson v. Bruce, 37 Mo. App. 156; Hyde v. Hazel, 43 Mo. App. 668.

But it appears that the evidence was admitted without objection from plaintiff, though he did object to defendant's instruction on this head. The evidence being admitted without objection, we think that under the circumstances plaintiff should be considered as accepting the answer as a sufficient plea to cover this phase of the defense, and should not be permitted, after the close of the evidence, to make an objection to an instruction based on evidence admitted with his tacit consent.

But the evidence of this special agreement, preserved in the record, as given by defendant himself, is far too indefinite, incomplete and uncertain to amount to proof of the agreement claimed. There is no evidence that defendant accepted of plaintiff's offer to receive the proceeds of the wheat for the balance owing him. There is no evidence which shows that defendant would have been bound to perform the

agreement, and it is extremely difficult to believe that if the proceeds of sale had been much more than the balance instead of much less, defendant would have felt under any obligation to turn over to plaintiff the full proceeds.

The judgment is reversed and cause remanded. All concur.