JOHN M. KEMPER, Respondent, v. C. A. ADAMS, Appellant.

Kansas City Court of Appeals, January 27, 1919.

1. **STATUTE OF FRAUDS: Verbal Contract: Part Delivery: New Contract.** A farmer verbally contracted with his neighbor for three thousand bushels of corn (70 lbs. to the bushel) then standing in the field not quite matured. Afterwards the neighbor hauled two wagon loads to him for delivery. He protested that it was too sappy or too green. The neighbor then said, if you will take it we will count seventy-five pounds to the bushel, and the farmer then accepted the two loads and paid for them. The neighbor afterwards sold the balance of the corn to other parties at a higher price. It was *held* that the delivery and acceptance were

referable to the original sale and the contract was valid under the Statute of Frauds, and the neighbor was liable in damages.

2. **CONTRACT: Delivery and Acceptance Under New Contract.** In order that a delivery and acceptance of a part of personal property may render a verbal contract valid under the Statute of Frauds, such delivery and acceptance must be referable to the very contract. If those acts were under a different contract afterwards made, they will not validate the original contract.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

*E. C. Anderson* for respondent.

ELLISON, P. J.—Plaintiff's action is for damages alleged to have resulted from defendant's failure to deliver to him the balance of more than three thousand bushels of corn which defendant verbally agreed to do at the price of one dollar and ten cents per bushel. The judgment in the trial court was for the plaintiff.

The only point made by defendant against the judgment is based on the claim that the contract not being in writing and no delivery being had of any part thereof nor money paid and the value being more than thirty dollars, is invalid under the provisions of the Statute of Frauds (2784, R. S. 1909.)

Plaintiff concedes the contract was verbal and that the value was more than thirty dollars, but claims there was a delivery and acceptance of a part of the corn, which, if true, relieves the case from the statute.

We think that under the testimony of both plaintiff and defendant himself there was such delivery and acceptance. The contract was made in the first part of September while the corn was standing in the field and not yet fully matured. It was shown that there are seventy pounds to the bushel of corn when matured so as to be fit to crib; or, as expressed by the parties "fit to bulk." Towards the latter part of October defendant took to plaintiff's premises two wagon loads for delivery under the contract. Plaintiff protested that the corn was not yet "ready." That it was "too sappy, or too green." Defendant, "wanted him to

try it," but plaintiff insisted it was not yet ready. Whereupon defendant said to him, "Well if you take this you can have it at seventy-five pounds to the bushel, until you think it will do to gather and then we will go back to seventy pounds. He took the two loads and afterwards paid me for them. "I tried again and again to get him to take the balance of the corn, but he would not, said it was not dry enough and not according to our agreement."

Defendant's specific and only point against the judgment is that the delivery to plaintiff and acceptance by him, of the two loads of corn, as above stated, was not referable to the contract made beaween the parties. That is to say, that a delivery and acceptance to avoid the Statute of Frauds must be under the contract made between the parties; and that though there be a delivery and acceptance of a part of the property sold, those acts must be referable to the contract. He cites Berg v. Moreau, 199 Mo. 416, 434, 435 and Meegan v. Surety Co., 195 Mo. App, 423, 427. That proposition may be readily conceded and yet not affect defendant's liability: for his own testimony on this head discloses that the delivery and acceptance were referable to the contract. Defendant's view is, that since plaintiff at first refused the corn for the reason that it was yet "too sappy" or "too green," and finally did accept it by counting five additional pounds to the bushel, it was an acceptance under another and different contract. We do not think so. The corn was delivered to defendant and accepted by him under the original contract. It reduced defendant's obligation under that contract by the two loads, and after its delivery defendant always referred to "the balance" of the corn sold to plaintiff. The mere fact that the corn delivered and accepted was too heavy by reason of yet being "sappy," and the parties agreeing to count a greater number of pounds to the bushel, to equalize that condition, ought not to be said to introduce a different or substituted contract. It was merely a plan or mode of performing the original

contract. It was no more than if defendant had said to plaintiff that he would credit him on the total price due with some named amount. In Montgomery v. Gann, 51 Mo. App. 187, it was held that if the identical wheat purchased was delivered at the place agreed, there was a delivery under the statute, although some of the wheat was unfit. To the same effect practically is Furniture Co. v. Clearing Co., 186 Mo. App. 207.

We think the judgment should be affirmed. All concur.