OIL WELL SUPPLY COMPANY, LIMITED, *Appellant*, v. WOLFE.

### In Banc, March 19, 1895.

1. **Pleading**: NOTE: ACCORD AND SATISFACTION: WAIVER.    Where, in an action on a note, defendant pleads an assignment to plaintiff of certain leasehold interest of greater value than the amount of the note, but does not aver that the property assigned was accepted in satisfaction of the note, the plaintiff, by failing to demur to the plea, waives any defect therein.

2. ——: ——: ——: BURDEN OF PROOF.    The burden of showing that the note sued on was satisfied by the assignment of the leasehold to plaintiff was on defendant.

3. **Note**: ACCORD AND SATISFACTION: INSTRUCTION.    The evidence being conflicting on the question whether the assignment of the leasehold to plaintiff was accepted in satisfaction of the notes in suit, it was error to instruct the jury that it was so accepted, if at the time it was made it was the only paper executed by the parties, and if nothing was said by them before or at the time as to the purpose for which it was executed.

Oil Well Supply Co. v. Wolfe.

4. ——: ——: ——. The only issue being whether the assignment of the leasehold was accepted by plaintiff in satisfaction of the note in suit, it was error to instruct the jury to find for defendant, though the assignment was not given in satisfaction of the indebtedness but merely as security for it.

5. ——: ——: ——. It was error to submit in such case to the jury the question of the value of the property included in the leasehold, such value being a fact only to be commented on by counsel as bearing on the real issue.

6. ——: ASSIGNMENT: SECURITY. The execution of the assignment of the leasehold and of a defeasance *held* to constitute but one transaction, rendering the assignment merely a security for the payment of the note.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. W. Fry* for appellant.

(1) The court erred in admitting evidence of the value of the leasehold property; it was irrelevant. (2) Defendant's first instruction is misleading, contradictory and not supported by the evidence; it absolutely took from the jury plaintiff's theory of the case. *Birtwhistle v. Woodward*, 95 Mo. 113; *Brownfield v. Ins. Co.*, 26 Mo. App. 399. (3) Defendant's third instruction should not have been given; unimportant issues should not be singled out in instructions to the detriment of prominent and important ones. *Mead v. Brotherton*, 30 Mo. 201; *Sheedy v. Streeter*, 70 Mo. 679. There was no evidence to support that part of the instruction which directed the jury to consider plaintiff's subsequent action in relation to the property. *Skyles v. Ballman*, 85 Mo. 35. (4) Defendant's answer does not amount to a plea of payment or accord and satisfaction. The answer should aver that the property conveyed was received and accepted in satisfaction

of the debt. *Shaw v. Burton*, 5 Mo. 478; *Wilkerson v. Bruce*, 37 Mo. App. 156. Plaintiff's demurrer to the evidence and motion in arrest should have been sustained. (5) The terms "mortgage" and "collateral security" in the peculiar sense in which they were used in defendant's first, third and fourth instructions were technical and should have been defined or explained to the jury. The conveyance as a "mortgage" was an equitable, not a statutory, mortgage. *Atterberry v. Powell*, 29 Mo. 429; *Wiser v. Chesley*, 53 Mo. 547; *Boogher v. Neece*, 75 Mo. 383; *Cottrill v. Krum*, 100 Mo. 397; *Spark v. Ely*, 22 Mo. App. 122; *Ampleman v. Ins. Co.*, 35 Mo. 308, 317.

*J. G. Trimble* and *George Robertson* for respondent.

(1) The court did not admit improper evidence as to the value of the leasehold. It was admissible as throwing light on the nature of the transaction, especially when the object of the transfer made on the twenty-third of August was in dispute. *Miller v. McCoy*, 50 Mo. 214; *Edwards v. Smith*, 63 Mo. 119; *Hall v. Morgan*, 79 Mo. 47. (2) The court committed no error in the matter of giving instructions. (3) The burden of proof is always on the party who alleges that an absolute deed is a mortgage. *Ringo v. Richardson*, 53 Mo. 385; *Worley v. Dryden*, 57 Mo. 226. (4) The appellants have not set out defendant's answer in full and can not now raise any point as to its sufficiency.

DIVISION ONE.

Brace, P. J.—This is an action on three promissory notes, one for $812.59, dated June 25, 1890, one for $885.05, dated August 8, 1890, and one for $885.06, dated August 18, 1890.

Defendant's answer admits the execution of the notes and alleges that the same were given for "certain machinery and material furnished by plaintiff to be used in boring for oil in the state of Pennsylvania and alleges the want of consideration in one of said notes for the sum of $400, charged by said plaintiff for certain wire rope of the value of $400 which he never received from them but the value of which was included in said notes when he signed them." Further answering, defendant pleads payment of said notes by conveying to plaintiff a certain leasehold interest which he then owned in Pennsylvania in three oil wells, the value of which was greatly in excess of said notes, and defendant asked to be discharged with his costs.

The reply to the answer is as follows: "Now comes the plaintiff and for his reply to the defendant's answer denies that said notes sued on were paid by conveying to plaintiff a certain leasehold interest which defendant owned in Pennsylvania in three oil wells. Plaintiff says that in August, 1890, the defendant did execute an assignment of his interest in the William Maybold oil well lease in Butler county, Pennsylvania, which he claimed was an undivided one fourth interest therein, but which assignment of said interest in said lease was subject to the debts on the same. That the same was assigned to the plaintiff, not in payment and satisfaction of the notes sued on. That at the time defendant was indebted to plaintiff on his promissory notes to the amount of about $4,000, and that said assignment by defendant of his interest in said partnership lease was as collateral security for the indebtedness, including the notes herein sued on from the defendant to this plaintiff, and not otherwise. And plaintiff avers that said interest so conveyed was of no value and that plaintiffs have not derived any benefit or value therefrom and that no payment on account of said indebted-

ness has been received by plaintiffs either from said collateral security or otherwise. Plaintiff admits that defendant is entitled to a credit of $341.31 for one cable of that value sold to defendant, which was fraudulently appropriated from the express company, by which it was shipped to the defendant, and the value of which has been paid by the express company by written order of the defendant;" and denied the credit of $400 claimed.

On trial the defendant, to make out the defense set up in his answer, introduced in evidence the following instrument in writing:

"This agreement, made the sixteenth day of August, A. D. 1890, by and between A. W. Wolfe, of the city of Pittsburg, county of Allegheny and state of Pennsylvania, of the first part, and Oil Well Supply Company, limited, of the city of Pittsburg, county of Allegheny and state of Pennsylvania, party of the second part.

"Witnesseth, That said A. W. Wolfe, for and in consideration of one dollar, to him in hand paid, the receipt whereof is hereby acknowledged, as well as other good, sufficient and valuable considerations, has granted, bargained, sold, assigned, conveyed, transferred and set over, and by these presents does bargain, sell, assign, transfer, convey and set over unto the said Oil Well Supply Company, limited, its successors and assigns, all his rights, title, interest, property and claim, being the undivided one fourth of, in and to a certain lease made by William Maybold to G. C. Garner on the sixteenth day of April, A. D. 1890, on certain land in the county of Butler and state aforesaid; bounded on the north by lands of H. C. Kellerman and others, on the east by lands of C. Murrin, on the south by the public road and on the west by a public road, containing two acres, more or less, with all the boilers, engines, tubing,

casing pipes, tanks, blacksmith tools, ropes and all other things whatsoever appertaining to the wells now on said land, or in the course of drilling, including the derricks and buildings thereon, and all the issues and profits. To have and to hold the undivided fourth part of said lease and lands, together with the property, rights of possession and estates in and to the undivided one fourth thereof and the boilers, engines and other apparatus whatsoever, unto the said Oil Well Supply Company, limited, forever.

"The said lease is recorded in the recorder's office of said Butler county, and the said A. W. Wolfe acquired title thereto by assignment.

"Witness my hand and seal the day and year aforesaid.

[SEAL]                                    A. W. WOLFE.

"Allegheny County—ss.

"On the twenty-third day of August, A. D. 1890, before me a notary public in and for the county of Allegheny and state of Pennsylvania, residing in the city of Pittsburg, came A. W. Wolfe, the assignor above named, who acknowledges the foreging assignment to be his act and deed and desired that the same may be recorded as such.

"Witness my hand and notarial seal the day and year aforesaid.

[SEAL]      "HENRY WEISKETTLE, Notary Public."

And then testified as a witness that at the time this instrument was executed he was indebted to the plaintiff about $3,900 or $4,000, and that such indebtedness was the consideration for the execution thereof, and that it had no other consideration; and introduced the deposition of another witness tending to prove that the value of the leasehold interests of the defendant at the time of the execution of the instrument was equal to or exceeded the amount of his indebtedness, and then rested.

Thereupon the plaintiff demurred to the sufficiency of the evidence to make out the defense, except as to the admitted credit of $341.31.

The court overruled the demurrer and thereupon plaintiff introduced evidence tending to prove that, at the time the assignment aforesaid was made by Wolfe, he was indebted to plaintiff in the sum of $4,298.91, that said assignment was executed and delivered to the plaintiff as security for the payment of such indebtedness, and that, as a part of the same transaction, the plaintiff executed and delivered to the said Wolfe an instrument of writing, in substance as follows, viz.: "It is understood and agreed that the property assigned this sixteenth day of June, 1890, by A. W. Wolfe to the Oil Well Supply Co. (limited) is to be transferred back to A. W. Wolfe when the said Oil Well Supply Co. are fully paid." Signed, "Oil Well Supply Co." Also evidence tending to prove that the whole leasehold property was afterward sold at sheriff's sale under a judgment in favor of the plaintiff against A. W. Wolfe et al., partners under the style of the Wolfe Oil Company, bought in by the plaintiff for $500, and afterward sold by them for $2,475, and that nothing was realized from the interest assigned by the defendant to be applied upon his indebtedness to the plaintiff; also evidence tending to prove recognition by the defendant of his said indebtedness to the plaintiff as subsisting after the execution of said assignment. The defendant then introduced additional evidence of the value of the leasehold, and again testified both orally and by deposition in rebuttal; after which, the plaintiff offered further evidence. So far as is necessary, the evidence will be further noticed in the course of the opinion.

After all the evidence was in, the plaintiff again asked the court to instruct the jury to find a verdict

for the plaintiff for the amount of the notes sued on, less the admitted credit. Which, however, the court refused, and submitted the case to the jury on instructions, and the jury returned a verdict for the defendant, upon which judgment was rendered in his favor. Motions for new trial and in arrest of judgment having been overruled, the plaintiff appealed.

It is urged for reversal: That the defendant's answer is insufficient; that the court admitted improper evidence for the defendant, and refused legal evidence offered by the plaintiff; that the court erred in refusing the peremptory instruction for a verdict as asked for by the plaintiff, and in giving, among others, the following instruction for the defendant:

"1. The court instructs the jury that, if they believe from the evidence in the case, that the defendant, on the twenty-third day of August, 1890, made and executed to the plaintiff the conveyance read in evidence, and either before, or at the time, nothing was said between the said defendant and the plaintiff's agent, Weiskettle, as to the purposes for which said deed or conveyance was made and accepted, and that it was the only paper executed between the parties at the time, then the jury will return a verdict for the defendant on each of the notes sued on; and they will so return a verdict for the defendant, although they may believe from the evidence in the case, that the paper read in evidence, and dated the sixteenth day of August, 1890, was given and accepted with the agreement that the plaintiff only took it as security, that is, as collateral or a mortgage.

"2. If the jury believe from the evidence in the case that the plaintiffs took the conveyance read in evidence as a payment of defendant's debt to them, and if, at the time said conveyance was made, the defendant's interest in the property conveyed was

worth as much as the debt to plaintiffs, it is immaterial what the property may have been worth afterward, or what plaintiffs realized from it, and the verdict must be for the defendant."

"4. In arriving at a verdict in this case, the jury will take into consideration the form of the conveyance read in evidence, and made August 23, 1890, as well as all the other facts and circumstances given in evidence in the case, and the court further instructs the jury that, before they can find that said conveyance is a mortgage or collateral security, they must be satisfied of such facts by preponderance, that is, the weight, of the evidence given in the case, which it is the duty of the plaintiff to furnish, and, unless they have so done, the jury will find for the defendant."

1. It may be conceded that the answer of the defendant might well have been held insufficient, either as a plea of payment, or of accord and satisfaction, had objection been made to it at the proper time by demurrer. *Shaw v. Burton,* 5 Mo. 478; *Thompson v. Kellogg,* 23 Mo. 281; *Wilkerson v. Bruce,* 37 Mo. App. 156. The obligation of the defendant was to pay so many dollars and cents. It was a money engagement and could be discharged only by the payment of money, or by the acceptance by the creditor of something else in lieu thereof. The plea negatives the idea of a money payment, and fails to aver that the leasehold interest assigned was accepted in satisfaction of the notes sued on. The plea would, therefore, have been obnoxious to a demurrer had one been interposed. But none was interposed, and the plaintiff replied to it, according to its obvious intent, as a plea of accord and satisfaction. It was so treated by the court and the parties in the trial of the cause, and the plaintiff must now be held to have waived his right to object to the plea on this account.

2. The judgment can not be reversed for any action taken by the court in admitting or rejecting evidence. The errors assigned in that behalf are either not well founded, are immaterial, or the appellant by its own action is precluded from urging them on appeal.

3. The only issue presented by the pleadings for the determination of the jury was, whether the assignment by the defendant of his leasehold interest, read in evidence, was accepted by the plaintiff in satisfaction of the defendant's indebtedness. The burden of proving it was so accepted rested upon the defendant. By the first paragraph of the defendant's first instruction the jury are in effect told that it was so accepted, if they find that at the time it was the only paper executed and that nothing was said between the parties before, or at the time, as to the purposes for which it was executed, thereby authorizing a verdict for the defendant, without any affirmative proof whatever of the issue which he tendered, in the absence of any evidence tending to disprove that issue. This paragraph of the instruction is manifestly erroneous and prejudicial to the plaintiff, but only less so, if possible, than the second paragraph, by which the jury are in effect told that they must find for the defendant, although they may find that the assignment was given, not in satisfaction of the defendant's indebtedness, but only as security therefor. By this instruction the only issue in the case was practically taken from the jury, and they might just as well have been instructed to return a verdict for the defendant.

The vice of this last paragraph of the instruction is sought to be palliated to some extent by the suggestion that the first paragraph refers to the assignment executed on the twenty-third of August, and the second to an assignment executed on the sixteenth of

Vol. 127—40

August.  The only assignment read in evidence, and the only one about which there was any controversy, was the assignment hereinbefore set forth, dated the sixteenth day of August, and which, as shown by the evidence, was finally executed by delivery on the twenty-third of August.  This was the only instrument to which the words "conveyance read in evidence" in the first paragraph, and "the paper read in evidence" in the second paragraph, is referable, and must have been so understood by the jury.  In fact, it was the only instrument concerning which the court was called upon to give an instruction, since the uncontradicted evidence is that this was the instrument that was finally agreed upon and accepted, in lieu of one previously drawn, of the same date, which did not prove acceptable.

4.  The value of the property at the time of the assignment or afterward was not an issue in the case to be submitted to the jury, nor was the instrument a matter for their consideration.  At best they were only facts to be commented on by counsel as bearing upon the real issue, and ought not to have been selected out and presented to the jury through the persuasive influence of the court's instructions, to the manifest prejudice of the plaintiff, as they were in instructions numbers 2 and 4 for the defendant.  *Chouquette v. Barada*, 28 Mo. 491; *Jones v. Jones*, 57 Mo. 138; *Rothschild v. Ins. Co.*, 62 Mo. 356; *Barr v. City of Kansas*, 105 Mo. 550.

The fourth instruction was objectionable for the further reason, that it cast the burden of proof of the issue tendered by the defendant upon the plaintiff.

For the errors aforesaid in the instructions, the judgment of the circuit court ought to be reversed.

### IN BANC.

PER CURIAM.—The foregoing modified opinion of BRACE, J., in division number one, is adopted as the opinion of the court *in banc*, all concurring. A majority of the judges being of the opinion that there was evidence to take the case to the jury, the judgment of the circuit court will be reversed and the cause remanded for new trial, BARCLAY, GANTT, SHERWOOD and BURGESS, JJ., concurring in this result; BRACE, C. J., and ROBINSON, J., dissenting to this disposition of the case, being of the opinion that the judgment should be reversed and the cause remanded, with directions to enter up judgment for plaintiff for the amount of the notes sued on and interest, less the admitted credit. MACFARLANE, J., not sitting.