115   553
134   681

S. T. PERIN, Appellee, v. F. D. CATHCART and JOHN CATHCART, Appellants.

**Accord and Satisfaction:** *Tender of less than due.*  Where a debtor tenders a sum less than the debt due in full satisfaction thereof, which the creditor expressly refuses to accept in full payment, but accepts in part payment, it is not an accord and satisfaction.

*Jury question.*  One of two debtors met their creditor, and offered a sum  less than the sum due, in full settlement, but the attorney for the creditor stated that the sum would only be received

to apply on the debt. An agent of both parties stated in their presence that it was understood that the tender was made in full payment, but was accepted only as a partial payment, and the money was then paid the creditor. The debtor testified that he understood that the creditor accepted the money to apply on the sum due. After the payment the debtors made an additional payment for the reason that they had discovered that a set-off claim was less than they supposed. *Held*, that the question whether the sum tendered was received in full settlement was for the jury.

**Contracts:** *Discounts*. Where a contract requiring certain payment provides that the payor shall receive a certain discount if the payment is made in full by a certain day and the entire sum is not paid by that time, the payor is not entitled to the discount, though the failure to pay arises from a dispute as to a set-off claimed by the payor.

**Appeal:** REBUTTAL AND TESTIMONY IN CHIEF: *Harmless error*. The admission in rebuttal of material testimony which should have been introduced in chief is not reversible error.

OBJECTIONS. Where portions of a letter offered in evidence are admissible, a general objection to the entire letter does not authorize its exclusion.

HARMLESS ERROR: *Trifling excess in judgment*. Error in rendering a judgment for 22 cents more than the sum due, is not sufficient to authorize a reversal.

*Appeal from Plymouth District Court.*—HON. J. F. OLIVER, Judge.

TUESDAY, FEBRUARY 4, 1902.

ACTION to recover a balance alleged to be due for real estate sold and delivered defendants. Defense, false and fraudulent representations in the sale of the land, and an accord and satisfaction. Trial to a jury which returned special findings and a general verdict for plaintiff. Defendants moved to set aside the general verdict, and for judgment on the special findings. This motion was overruled, and they appeal.—*Affirmed.*

*Martin & Martin* for appellants.

*J. U. Sammis* and *J. M. Wormley* for appellee.

DEEMER, J.—November 1, 1898, plaintiff entered into a parol contract with defendants, whereby he agreed to sell them certain land for the sum of $8,000. He held title to some of the land so sold and a contract of purchase for the remainder. There was due on this contract of purchase $834, and the land to which he held title was encumbered by mortgage. It was first agreed that defendants should pay $4,000 in cash and the remainder March 1, 1899,— whether with or without interest is a question in dispute. Some time after the original contract was made, the parties entered into a new arrangement, whereby defendants were to pay all cash at a time fixed, and plaintiff was to make a discount of $78 in consideration thereof. Pursuant to this arrangement, defendants paid plaintiff the sum of $3,922, and were to pay the remainder when title was perfected. Plaintiff executed a deed of the lands to which he held title, and an assignment of the land contract, and delivered them to the Bank of Kingsley, to which bank all parties agreed payments should be made. Defendants claim that during the negotiations plaintiff made certain representations regarding a well on the premises, which were false, and that they were compelled to expend the sum of $114 in order to secure water from a well such as plaintiff represented was on the place; that, when defendants were notified of the perfection of the title to the lands, a controversy had arisen between the parties regarding this well, and that certain correspondence had passed between them (defendants) and the officers of the bank regarding this controversy,—plaintiff being ill and unable to attend to the matter himself,—which had been unavailing in the settlement of the dispute, and that defendants met plaintiff at the Bank in Kingsley, and tendered to him the sum of $3,906.65 in full settlement of the amount due on the land; that plaintiff's attorney was present with him at the bank, and remarked at the time the tender was made, "I want it understood it is

only to be accepted as part payment, and I don't care a d—— how you tender it." Defendants claim that they then made the remark that it was paid in full settlement, and that the officer of the bank who was present said, "Now, gentlemen, it is understood that Cathcarts tender this as full payment of their land deal, but Mr. Perin receives it only as part payment," and that he then asked plaintiff if he should turn over the papers, to which plaintiff responded that he should, and that thereupon plaintiff took the money which had been tendered. In arriving at the amount of the tender, defendants computed interest on the second $4,000 payment from the date the patent to the "contract land" was received by the bank, added the amount to the principal, and deducted $125 on account of what was then estimated to be the price of the well. The jury, as we have said, found a general verdict for plaintiff, and, in answer to special interrogations, found that a controversey arose between the parties regarding a well; that defendants deposited with the Bank of Kingsley the amount of money claimed by them to be due, as a tender, with instructions to pay the amount to plaintiff only in full settlement and payment of the amount due for the land; that plaintiff knew of the condition of the tender before the same was paid to him; and that the bank paid the amount so tendered to plaintiff after he had been informed of the terms and conditions thereof.

The main point in the case will be better understood from the reading of a part of the fifth instruction given by the court to the jury which was as follows: "So if you find from a preponderance of the evidence, that the plaintiff assented to and accepted the money in question under the terms and conditions of said tender, as made, and in full settlement and satisfaction of his claims and demands against the defendants as aforesaid, then the plaintiff will not be entitled to recover in this action in any sum whatever; and, if you so find, you

should determine the issue of accord and satisfaction in favor of the defendants, and return your verdict in their favor. If you do not so find, or if you believe from the evidence that the plaintiff, at the time said tender was made, expressly refused to accept the terms and conditions thereof, and to receive the money in full payment and satisfaction of his claims as aforesaid, but accepted and received the same only upon the conditions and with the understanding between himself and the defendant John Cathcart that the same should be accepted as part payment only, and not in full satisfaction of his claims against the defendants, then the same would not constitute an accord and satisfaction between the parties." The claim made by the defendants is that the acceptance of the tender, under the circumstances shown, amounted to an accord and satisfaction, although the plaintiff declared at the time that he would not accept it as such. Under some circumstances this, no doubt, is the rule. *Vermont Baptist Convention v. Ladd,* 58 Vt. 95, (4 Atl. Rep. 634); *Donohue v. Woodbury,* 60 Mass. 150, (52 Am. Dec. 777); *Fuller v. Kemp,* 138 N. Y. App. 231, (33 N. E. Rep. 1034, 20 L. R. A. 785). But as an accord and satisfaction is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is or considers himself entitled to, no invariable rule can be laid down, with any degree of certainty, as to what constitutes such an agreement. Each case must be determined largely on its peculiar facts. To constitute a valid accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such. *Jones v. Fennimore,* 1 G. Greene, 134; *Weddigen v. Fabric Co.,* 100 Mass. 422. The agreement need not be express, but may be implied from circumstances, as shown in the cases just cited. Where an offer of accord is made on condition that it is to be taken in full of de-

mands. the creditor, doubtless, has no alternative but to refuse it or accept it upon such conditions. *Keck v. Insurance Co.*, 89 Iowa, 200. But even in such a case the debtor may consent to the creditor's receiving it on his own terms. *Potter v. Douglass,* 44 Conn. 541; *Sicotte v. Barber,* 83 Wis. 431, (53 N. W. Rep. 697). *Gassett v. Town of Andover,* 21 Vt. 342. Whether or not there has been such a giving and acceptance as to amount to an accord and satisfaction is generally a question of fact for the jury. *Robinson v. Railroad Co.,* 84 Mich. 685, (48 N. W. Rep. 205); *Oil Well Supply Co. v. Wolfe,* 127 Mo. 616, (30 S. W. Rep. 145). To determine the correctness of the instruction given, and of the ruling on the motion for judgment on the special findings, it is necessary to consider some additional testimony adduced by the parties: One of the defendants said on the witness stand: "I understand that Perin accepted the money to apply on what he claimed to be due him. I was representing my brother and myself in the transaction, and fully understood the terms upon which Perin accepted it when it was paid to him—simply to apply on what he claimed was due as part settlement." With this understanding he accepted the deeds from plaintiff. Moreover, it appears that, after the alleged accord was executed, defendants paid plaintiff the sum of $11. They explain this by saying that the well cost them but $114, instead of $125, as estimated, and that because of this fact they returned the difference to plaintiff. This may of course have been an act of generosity on their part, but a jury was authorized to say it was through some other motive. The testimony above referred to, taken in connection with the other evidence, surely made a case for the jury, and the instruction complained of seems to be in exact accord with the established rules of law hitherto set out. This being true, the answers to the special findings were not necessarily inconsistent with the general verdict; for while

the plaintiff may have accepted the money, knowing of the condition on which it was offered, it may have been under such circumstances that an agreement to take it on the condition imposed will not be inferred. This was wholly a jury question.

II. The Bank of Kingsley seems to have been the agent of both parties in this transaction. We have already referred to the fact that defendants wrote several letters to the bank regarding the matter in hand. On rebuttal, plaintiff was permitted to introduce in evidence, over defendants' objection, certain letters written by the officers of the bank to him, which stated defendants' claims regarding the well, the fact that a tender was made, and other matters relating to the claims and acts of the defendants. The court allowed these in evidence for the sole purpose of showing the nature and extent of the controversy between the parties, and not as establishing the merits of the controversy. That these letters were improperly admitted in rebuttal is not regarded as material, for the court, in its discretion, could have admitted them, if material, as testimony in chief, although offered in rebuttal. We do not reverse because testimony is admitted out of its regular order. We think some of the statements in the letters were competent and material, and properly admitted for the purposes indicated by the court in its ruling. In these letters the bank officers volunteered advice to plaintiff regarding his method of procedure. This, of course, was immaterial, but defendants made no specific objections to these parts of the letters. As parts of the letters were admissible, a general objection to the whole thereof was not sufficient ground for their exclusion. These rules are so well settled that they do not require support from the authorities.

III. In the sixth paragraph of its charge the trial court instructed, in effect, that, if the jury found for the plaintiff on the issue of accord and satisfaction, then it must

find him entitled to the $78 which it was claimed was agreed upon between the parties as a discount because of the substituted agreement for payment in cash. The evidence shows that the consideration for this agreement of discount was defendants' promise to pay the whole amount in cash when the patent was obtained to the land held by plaintiff under contract. This patent was obtained and notice given to defendants on December 21, 1898. They were also told at or about this time, and again on December 29th, that the papers were in the bank, ready for delivery, and that, to obtain the discount, they should make the cash payment. Instead of making immediate payment, they deferred doing anything until the 16th of February following, when it is claimed the accord and satisfaction were had. Surely, as they did not make the cash payment as agreed, they were not entitled to the discount, and there was no error in the court's charge respecting this item. One of the defendants testified that when the patent was received by the bank the title was satisfactory.

There may have been an error of a few cents in allowing interest on this amount for the time elapsing between December 5th, when the substituted agreement for the payment of cash was made, and December 21st, when the patent was obtained. But this, even if erroneous, is too small an item to justify us in reversing the case. If defendants are insistent upon it they may have a refund of 22 cents, but this is all they are entitled to.

Having now disposed of the controlling points in the case, we arrive at the conclusion that the judgment is right, and it is AFFIRMED.