# OCTOBER, 1937.

MARTHA JEAN THOMPSON, BY NEXT FRIEND, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE COMPANY, APPELLANT.—114 S. W. (2d) 145.

Kansas City Court of Appeals, January 10, 1938.

*Joe Miniace, James R. Sullivan* and *Hume & Raymond* for respondent.

*Charles L. Carr, Watson, Ess, Groner, Barnett & Whittaker* and *E. E. Ball* for appellant.

CAMPBELL, C.—The plaintiff, and infant, by her next friend, brought this suit to recover damages for personal injuries. She had a verdict and judgment in the sum of $4000. The defendant has appealed.

The evidence on behalf of the plaintiff shows that defendant was a common carrier of passengers for hire by street car; that on September 29, 1934, plaintiff then about five and one-half months old, was carried in the arms of her mother on board one of defendant's street cars; that the mother, after paying the usual fare, took two, three, or four steps toward the back of the car when the car started forward "with a sudden and unusual violent lurch and jerk," and she was thrown to the floor of the car and plaintiff was thrown under a seat in the car and severely injured, the substance of defendant's evidence was that the street car moved forward slowly in the usual and ordinary manner.

The defendant says this is not a *res ipsa loquitur* case for the reason the accident could have been occasioned by the "sole negligence and awkwardness" of plaintiff's mother.

The petition charged general negligence. The answer was a general denial. There is nothing in plaintiff's evidence tending to show

any negligence on the part of plaintiff's mother. The evidence for the plaintiff shows that the sudden and unusual jerk and lurch of the street car was the sole and direct cause of plaintiff's injuries. There is no claim that plaintiff's mother knew or had means of knowing the cause of the sudden starting of the street car. Nor is there anything in the record indicating that the defendant in the trial contended that the pleadings and proof did not bring the case within the res ipsa loquitur rule. Nor is there anything in the record indicating that defendant in the trial contended there was any evidence tending to show that the accident was caused or contributed to by the "negligence and awkwardness" of plaintiff's mother.

The supreme court en banc held that the doctrine res ipsa loquitur applies "when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." [McCloskey v. Koplar, 329 Mo. 542, 43 S. W. (2d) 557.]

Other cases announce the same rule. [Williams v. San Francisco Ry. Co., 85 S. W. (2d) 624; Zimmerman v. Kansas City Public Service Company, 41 S. W. (2d) 579.]

Considering the record, we will determine the appeal from the theory that the case is governed by the res ipsa loquitur rule.

Plaintiff's main instruction, after submitting preliminary matters, told the jury that if it found the street car was caused or allowed to suddenly start with an unusual and violent lurch and jerk, and as a direct result thereof plaintiff was thrown to the floor of the street car and injured, "then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence upon which the jury may infer that the defendant was negligent, and you may so find, unless you find and believe from other facts and circumstances in evidence that said sudden start, if any, with an unusual and violent lurch and jerk, if any, of said street car, was not due to the negligence of the defendant."

Counsel cite many cases in support of their claim that the instruction was erroneous, but rely mainly on the following cases: Kennedy v. Phillips, 319 Mo. 573, 5 S. W. (2d) 33; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, and cases cited therein.

The main instruction in the present case is similar to the instruction condemned in the Kennedy case. In speaking of the latter instruction the court said: "Although the jury was warranted in inferring, from the facts mentioned in the instruction and other facts in the case, that one of defendant's employees opened the elevator gate and left it open, as we have already said in discussing the sufficiency of the evidence, nevertheless, it was not the province of the trial court to tell the jury that they were 'at liberty' to draw this

or any other inference from the facts proven. This instruction singled out certain facts and commented on their legal effect. It was argumentative in character. It might have been accepted by the jury as decisive of the case. It was better calculated to mislead and confuse the jury than to enlighten them in their consideration of the whole case. It invaded the province of the jury in suggesting to them a course of reasoning to follow in determining the question of defendant's negligence. [Finn v. United Rys. Co. (Mo. Sup.), 267 S. W. 416, 420; Rice v. Transit Co. (Mo. Sup.), 216 S. W. 746, 753.] In the early case of Chouquette v. Barada, 28 Mo. 491, 498, 499, Judge Scott said: 'When a party has secured the admission of his evidence, he has no right to give it an undue importance by an instruction to the jury as to the use they may make of it. Counsel can make their own comments on the evidence, and the jury will determine their weight. . . . Where the law fixes the weight or the effect of evidence, there is no impropriety in the court's declaring it to the jury; but when one fact or piece of evidence is merely used to show the existence of another fact which is to be found by the jury, the court cannot, by way of instruction, direct the jury that the inference is warranted. If it is so, the law presumes the jurors more competent to draw it than the judge. Our law will not allow the judge even to comment on the evidence, where the jury may give what weight they please to the comment.' [See, also, Gittings v. Jeffords, 292 Mo. 678, 693, 694, 239 S. W. 84, 89; Supply Co. v. Wolfe, 127 Mo. 616, 620, 30 S. W. 145, 148; Primm v. Haren, 27 Mo. 205, 211.] Considering the persuasive influence of the court's instructions with the average jury, this instruction was manifestly unfair to the defendant and highly prejudicial to his right to have the jury properly instructed and directed on the law of the case."

The ruling in the Kennedy case undoubtedly sustains many of the contentions of the defendant with respect to the main instruction in the case at bar. The holding in the Kennedy case has been weakened, if not overruled, in latter cases to which reference will hereinafter be made.

In the McCloskey case the court considered and held erroneous an instruction which told the jury upon finding certain facts, "then the court instructs you that the presumption is that the falling over of said radiator was occasioned by some negligence of defendants, their agents or servants, and the burden of proof is case upon defendants to rebut this presumption of negligence and show by a preponderance of the evidence that the falling over of said radiator was not caused by negligence of defendants, their agents or servants, and unless you further find from the evidence that the falling over of said radiator could not have been prevented by defendants, their agents or servants, by use of ordinary care, then your verdict must be in favor of plaintiff and against defendants."

In discussing the instruction, the court said: "In directing what inference of fact must be drawn from the facts hypothesized, it flagrantly invades the province of the jury. From the facts, namely, 'While therein plaintiff was passing along an aisle or passageway in the balcony of said theater and there was a heavy radiator in said theater adjacent to said aisle or passageway, and said radiator was in possession and control of defendants, and said radiator fell over and upon plaintiff and injured him as he was passing thereby,' the law does not draw a conclusion of negligence. Reasonable minds might well differ as to whether negligence on the part of defendants should, or could, be inferred from such facts. All that can be said with respect to them, as a matter of law, is that negligence may properly be inferred from them, and therefore that plaintiff having produced evidence tending to establish them made a *prima facie* case, that is, a case for the jury. When such a case was made the burden of going forward with the evidence devolved upon the defendants. But whether defendants did, or did not, offer evidence on their part, it was solely the prerogative of the jury to determine what inference, if any, they would draw from plaintiff's proof, without intrusion on the part of the Court."

The instruction under consideration does not say what inferences *must or should* be drawn from the evidence, nor does it say the burden of proof was on the defendant. On the contrary, the jury was in effect told that if it found facts sufficient to bring the case within the *res ipsa loquitur* doctrine, then it could from such facts infer that defendant was negligent, and that it could so find, *unless* it believed from other facts that the defendant was not negligent. The instruction does not single out any fact or comment on or argue any fact in evidence. It does, however, advise the jury as to the legal effect of the evidence provided it found that evidence to be true.

The court in the case of Stanton v. Jones, 332 Mo. 631, 59 S. W. (2d) 648, 651, quotes with approval from the case of Ward v. Fessler, 252 S. W. 667, 671, as follows: "The plaintiff is confused as to what is meant by comment upon the evidence. It is always proof for the court to tell the jury what is the legal effect of facts in proof."

The instant instruction told the jury what was the "legal effect of the facts in proof."

In the case of Clark v. Atchison, Topeka & Santa Fe Ry. (Mo.), 6 S. W. (2d) 954, the defendant requested and the court refused an instruction in part as follows: "You are instructed that the persons in charge of said engine had the right to assume and believe, if they saw said Clark approaching the track on which the engine was moving, that he would stop before he reached a place where he would be in danger of being struck, or, if they saw said Clark on said track in front of said engine, they had the right to assume and believe that he

would step off. the track and into a place of safety-; and the servants in charge of said engine were not obliged to warn said Clark, nor to stop or slacken the speed of the engine unless and until either the engineer or fireman saw, or by the exercise of ordinary care on his part would have seen, that said Clark was not conscious of the approach of said train and was in danger of being struck by it, and that he did not intend to get out of its way."

The court held the instruction should have been given. That ruling was expressly approved in the Stanton case, *supra*. If the defendant in the Clark case were entitled to have the jury told that if certain evidence were true, its engineer had the right to "assume and believe" that Clark would step off the track, then it is logical to say that the plaintiff in the instant case was entitled to have the jury told what was "the legal effect of the facts in proof."

In the case of Perry by Next Friend v. Stein et al., 63 S. W. (2d) 296, the St. Louis Court of Appeals affirmed the judgment which was in favor of the plaintiff. Certiorari was issued to review the ruling. In quashing its writ the Supreme Court en banc said in part as follows:

"In the trial court and in the Court of Appeals defendant Stein challenged an instruction as follows:

" 'The Court instructs the jury that if you find and believe from the evidence that on the occasion in question plaintiff was an invitee on the premises mentioned in evidence, then the Court instructs you that it was the due obligation and duty of defendant to plaintiff to use ordinary care to keep and maintain said premises in a reasonably safe condition and a failure of defendant to use such ordinary care would constitute negligence and defendant would be responsible for all injuries resulting to plaintiff, if any, from such negligence, if any; and if you further find from the evidence that plaintiff was in a position of danger, if you so find, in the event the said shelving and contents thereof in said store should fall, and if you further find that said shelving did, in fact, fall and the contents thereof did strike and injure the plaintiff, if you find she was injured, then the law presumes that said falling of said shelving, if it did fall, and the injury to the plaintiff, if any, were caused by some negligence of defendant, and the duty is upon the defendant to bring forward evidence to show to your reasonable satisfaction that the defendant could not have presented the falling of said shelving by the exercise of ordinary care, and unless you find that the falling of said shelving could not have been precented by the exercise of ordinary care by the defendant, your verdict must be in favor of the plaintiff and against the defendant.'

"On consideration of the assignment of error on the giving of said instruction, the Court of Appeals said:

" 'The above testimony adduced by defendant on cross-examina-

tion does not, as it is insisted upon by defendant, show any specific act or acts of negligence causing the accident, and does not deprive plaintiff of her right to submit her case on the doctrine of *res ipsa loquitur,* and therefore the giving of instruction No. 3, which was in accordance with that doctrine, was not error. [Price v. Metropolitan Street Railway Co., 220 Mo. 435, 119 S. W. 932, 132 Am. St. Rep. 588; Porter v. St. Joseph Railway, etc., Co., 311 Mo. 66, 277 S. W. 913.]'

"Relator challenges said ruling as in conflict with decisions of this court as follows: Zichler v. St. Louis Public Service Company, 59 S. W. (2d) 654, 656; Steffen v. Southwestern Bell Telephone Co., 56 S. W. (2d) 47, l. c. 50, 51; McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557, l. c. 563; McGrath v. St. Louis Transit Co., 197 Mo. 97, 94 S. W. 872.

". . . Relator argues that the above ruling of the Court of Appeals is in conflict with the ruling of this court in the McCloskey, Steffen, and Zichler Cases on the question of the burden of proof in *res ipsa loquitur* cases. We do not think so. It is clear from the above statement of the Court of Appeals that defendant only contended that there was evidence tending to show specific acts of negligence and for that reason the instruction was erroneous in authorizing a recovery under the *res ipsa loquitur* rules. In other words, the instruction was not challenged as in violation of the burden of proof rule, and the Court of Appeals made no ruling on that question. It may be stated that only the ruling in the Price Case and other cases on the burden of proof in *res ipsa loquitur* cases was overruled by the McCloskey Case. It follows that the ruling of the Court of Appeals is not in conflict with the last-named cases." [State ex rel. Stein v. Becker et al., 67 S. W. (2d) 755, 756.]

It will be noted that in the latest case by court en banc the court said that the "only" ruling in the McCloskey case related to the burden of proof in *res ipsa loquitur* cases. From which it follows that the McCloskey case does not sustain the claim that plaintiff's main instruction in the case at bar was erroneous.

In the case of Hartnett v. May Department Stores Company, 85 S. W. (2d) 644, the St. Louis Court of Appeals approved an instruction obtained by the plaintiff reading as follows:

"The court instructs the jury that if you find and believe from the evidence that plaintiff was a passenger upon an escalator mentioned in evidence, and that while plaintiff was upon said escalator, the same stopped and violently jerked, jarred and jolted, and plaintiff was violently jerked, jarred, jolted and thrown, and that the action of the escalator, under the circumstances, was unusual and extraordinary, and that plaintiff was injured thereby, then you may infer that it was occasioned by some negligence of defendant, and the burden of bringing forward evidence is upon the defendant to rebut

this inference of negligence and establish the fact that there was no negligence on its part, and that the injuries resulted from some cause which the highest degree of care would not have avoided."

It is apparent that the instruction in the present case is not more favorable to the plaintiff than was the instruction quoted in the Hartnett case.

That part of plaintiff's main instruction followed the instruction suggested as a proper one in a *res ipsa loquitur* case. [See Harke v. Haase, 335 Mo. 1104, 75 S. W. (2d) 1001.]

The defendant says the suggestion was *obiter dictum*. In the opinion of the writer of this opinion, the suggestion is not dictum in the sense in which that term is ordinarily used, but if it is dictum, it is good dictum. It must be remembered the suggestion met the approval of six eminent jurists, and is not in conflict with the dissenting opinion of the other eminent jurist who concurred in the result of the case. [See dissenting opinion in McCloskey case, *supra*.]

The instruction under consideration hypothesized every fact in evidence of both litigants and advised the jury as to the legal effect of the facts which it found to be true. This was proper.

Were we to say a trial court cannot tell a jury the legal effect of "the facts in proof," then we would in legal effect say that a jury shall determine the law as well as the facts.

Or, to put the matter another way, when a plaintiff proves a *res ipsa loquitur* case the jury, so all the cases say, may infer the defendant was negligent. If a jury may from certain proof infer negligence, then upon what principle can it be said that a court shall not tell a jury that from such certain proof it may infer negligence? If a court cannot so say, then a jury must grope in the dark concerning the legal effect of proof.

In none of the cases relied on by defendant was an instruction similar to the instruction in the present case considered, except in the Kennedy case. In each of the other cases the instruction held to be erroneous told the jury that on finding certain facts "an inference arises . . .," or that the law from certain facts presumes negligence, or that the burden of proof, nor burden of evidence, was on the defendant. The instant instruction does not have any such infirmatives.

The defendant contends the verdict was excessive. The evidence shows that plaintiff, when her mother fell, was thrown under a seat of the car and thereby sustained an abrasion under the left eye, a "skinned place" on her nose, and a fracture of her left femur. The femur was broken "transversely and then longitudinally down toward the knee cap" and involved the growth center. An injury to the growth center "slows up" the growth of the bone. At the time of the trial, November 23, 1936, plaintiff's left leg was deformed, that is, it was from one-fourth to three-sixteenths of an inch shorter

than her right leg, and "she walks on her toes and she falls an awful lot." The evidence further shows that plaintiff suffered pain for about three months after the injury.

From the evidence the jury was warranted in finding that the growth of plaintiff's left leg was "slowed up," and that she may in the future suffer marked deformity due to injury of the growth line in the knee. The jury was properly instructed on the measure of damages. The trial court approved the verdict, and we do not find it excessive. The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.