Frank SEIDLER, Appellant,

v.

VAUGHN OIL COMPANY, Appellee.

No. 90–235.

Court of Appeals of Iowa.

Feb. 26, 1991.

Lyle A. Rodenberg, Council Bluffs, for appellant.

David F. McCann of Dippel & McCann, Council Bluffs, for appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Vaughn Oil Company delivered fuel to Seidler's farm. Vaughn Oil mistakenly put gasoline in Seidler's diesel fuel barrels. Seidler then unknowingly used the improper fuel mixture in his six diesel tractors, causing damages to the tractors. Seidler had to rent two tractors while his were being repaired.

Seidler and Vaughn Oil's insurance adjuster began negotiations to settle the damages. Vaughn Oil agreed to pay all of the repairs on five of the tractors and the rental tractor cost. Vaughn Oil issued a draft to pay for these items. Seidler cashed the draft. The parties disputed the costs of repairs on one of the tractors. After further negotiations, Vaughn Oil issued another draft to pay for the repairs on the remaining tractor. On the face of the draft, it stated "Full, Final Settlement for Damage to Tractor." Seidler cashed the draft. However, he refused to sign a separate release.

Seidler then sued Vaughn Oil for damages resulting from the fuel delivery. Vaughn Oil moved for summary judgment, claiming there had been an accord and satisfaction. The district court agreed and dismissed Seidler's petition.

Seidler appeals. He contends there are genuine issues of material fact concerning damages for loss of use and Vaughn's agreement to cancel a fuel bill. Seidler further contends these damages were not a part of the alleged accord and satisfaction.

He also claims there was no consideration for the accord and satisfaction because there was no dispute over the cost of repairs. Seidler argues Vaughn Oil should be estopped from claiming an accord and satisfaction because it would be fraudulent in view of its inconsistent statements. Finally, he asserts even if there was consideration for the accord and satisfaction, it is not enforceable because Vaughn Oil breached the agreement when it failed to cancel the fuel bill.

■ Our scope of review is on assigned errors of law. Iowa R.App.P. 4. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne,* 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party, *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen,* 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Gott,* 387 N.W.2d at 343; *Milne,* 424 N.W.2d at 423. If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e). The language of our rule and case law are substantially similar or identical to that of rule 56 of the Federal Rules of Civil Procedure, *see, e.g., Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986), from which we may draw for guidance in interpreting

our own rule, *Sherwood,* 179 N.W.2d at 339. We now turn to the law as applied to the facts, viewing the facts in a light most favorable to the party resisting the motion for summary judgment.

The main question here is whether the check for $3,269.77, sent by Vaughn Oil's insurance carrier, with "Full, Final Settlement for Damages to Tractor" written on the front, constituted an accord and satisfaction. To determine this question, we examine the law concerning accord and satisfaction. The Iowa Supreme Court has set out the pertinent rules in the leading case of *Olson v. Wilson & Co.*

The law looks with favor on the adjustment and settlement of controversies without resorting to court action. Settlement by accord and satisfaction involves essentially a new contract or agreement, and the elements of a new contract must be found in the settlement to make it valid. Obviously each case must be determined upon its own facts and circumstances. However, there are certain rules and decisions which guide and control transactions of this kind, such as those affecting liquidated and unliquidated claims, and the acts of the parties relating to intention, consideration, necessary implications, and bona fide disputes. . . .

There are many definitions of accord and satisfaction. "Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction' its execution or performance." 1 C.J.S. Accord and Satisfaction, § 1, p. 462.

In an early Iowa case, *Perin v. Cathcart,* 115 Iowa 553, 557, 89 N.W. 12, 13 [ (1902) ], Judge Deemer said: "But as an accord and satisfaction is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is or

considers himself entitled to, no invariable rule can be laid down, with any degree of certainty, as to what constitutes such an agreement. Each case must be determined largely on its peculiar facts. To constitute a valid accord and satisfaction, not only must it be shown that the debtor gave the amount in satisfaction, but that it was accepted by the creditor as such. The agreement need not be express, but may be implied from circumstances, as shown in the cases just cited. Where an offer of accord is made on condition that it is to be taken in full of demands, the creditor, doubtless, has no alternative but to refuse it or accept it upon such conditions.

\* \* \* \* \* \*

According to Webster's New International Dictionary, a claim for debt or damage is "liquidated" in law when the precise amount thereof is fixed, or has been agreed upon. In Williston 1, on Contracts, Rev.Ed., Sec. 128, "An unliquidated claim is one, the amount of which has not been fixed by agreement or cannot be exactly determined by the rules of arithmetic or of law."

... We have said, "If it is admitted that one of two sums is due, but there is a dispute as to which is the proper amount, the demand is unliquidated within the meaning of accord and satisfaction."

... "As related to the subject of accord and satisfaction, the term 'liquidated' \* \* \* means one where the amount due has been ascertained and agreed upon by the parties, or is fixed by operation of law. \* \* \* When not so determined, it is the subject of compromise.... "A demand is not liquidated even if it appears that something is due, unless it appears how much is due; and when *it is admitted that one of two specific sums is due*, but there is genuine dispute as to which is the proper amount, the demand is regarded as 'unliquidated,' within the meaning of that term as applied to the subject of accord and satisfaction."

It may be well here to point out what is meant by the term *one of two specific sums*. It does *not* mean sums that can be exactly determined by the rules of arithmetic or law. It refers to sums claimed by each of the respective parties in the dispute; one contending for one sum and one for the other. Neither sum is the fixed or liquidated sum. True, the rule is that one cannot secure an accord and satisfaction of a liquidated or sum certain debt by the payment of a lesser amount for the reason that then there is no consideration upon which to base the accord and satisfaction. It is on this point most of the confusion has arisen in cases involving accord and satisfaction and which gives rise to the so-called creditor and debtor doctrine referred to by plaintiff as discussed in the case of *Kellogg v. Iowa State Traveling Men's Ass'n* [239 Iowa 196, 29 N.W.2d 559 (1947)].

... If the amount claimed by the creditor is determined, definite and fixed, payment by the debtor of a lesser sum, no matter what his contention may be will not result in accord and satisfaction, as the claim is liquidated, and requires further consideration for its discharge.

"In order that a claim or demand may be capable of being satisfied and discharged by the payment of a lesser amount than is claimed by the creditor, without any new or additional consideration, there must be *a genuine dispute or controversy between the parties concerning either the amount due or the debtor's liability, or the claim must be unliquidated* [emphasis added], for the only consideration for the accord and satisfaction, and the relinquishment of the unpaid balance of the claim, is the settlement of the dispute or the adjustment of the rights of the parties."

It is sufficient if the parties honestly believe in the correctness of their positions and assert their claim in good faith. "Thus, a claim is unliquidated, even if it appears that something is due, unless it further appears how much is due \* \* \* "

That a bona fide dispute exists here there is no doubt.

\* \* \* \* \* \*

"... There can, therefore, be no accord and satisfaction unless the creditor, or party receiving the thing or promise offered understands, or, from the circumstances of the offer, or the acts or declarations with which it is accompanied, is bound to understand, that he takes it in full satisfaction of his claim".

\* \* \* \* \* \*

In *Beaver v. Porter*, 129 Iowa 41, 105 N.W. 346, 348 [(1905)], the trial court gave the following instruction:

"To constitute an accord and satisfaction, where there is a bona fide dispute, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to the condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions. A party to whom an offer is thus made has no alternative but to refuse it or to accept it upon such conditions, and if he takes it his claim is canceled." This is the rule in Iowa and in most other jurisdictions.

*Olson v. Wilson & Co.*, 244 Iowa 895, 900–04, 58 N.W.2d 381, 384–87 (1953) (citations omitted).

■ Apparently the district court felt the present claim against Vaughn Oil was not a liquidated debt, which would not be subject to accord and satisfaction. We agree with the district court, because Vaughn Oil is contesting its liability for the remainder of the repair bill. Therefore, Seidler could have accepted the check as accord and satisfaction for his claim. We affirm the trial court on this issue.

■ However, there remains one pertinent issue which must be shown before summary judgment may be granted to Vaughn Oil. Both parties must be aware the release or check is an accord and satisfaction for the claim. The intent of the

parties may be shown by the documents themselves, the parties' words, and the surrounding circumstances. If it is shown the creditor (Seidler), knew or should have known the document or release was intended as an accord and satisfaction, he may not later complain he did not intend to release his claim.

Under the evidence in the record, the intention or knowing acceptance of the accord and satisfaction by Seidler is a question of fact which cannot be decided as a matter of law. Prior letters sent to Seidler by Vaughn Oil insurer specifically stated the checks enclosed were not intended as a release for the claim. Additionally, there is evidence a *separate* release was sent to Seidler along with the final check, although Seidler apparently contests his alleged receipt of a release.

Vaughn Oil's insurer further claims Seidler agreed in a telephone conversation to accept the final check as accord and satisfaction. Seidler apparently either denies the telephone conversation ever took place or denies he agreed to the accord and satisfaction. Either way, the telephone conversation and its implications are questions of fact better left to the trier of fact rather than the court sitting in summary judgment. Again, this evidence would go towards Seidler's knowledge or lack thereof of the accord and satisfaction.

The main case relied on by Vaughn Oil is *RMP Industries, Ltd. v. Linen Center*, 386 N.W.2d 523 (Iowa App.1986). In that case the defendant inscribed on the back of the check: "The undersigned payee hereby accepts the check as *payment in full* for all sums due it ..." The plaintiff subsequently endorsed the check with the words: "under protest—all rights reserved without prejudice Chapter 554, Iowa Code." *Id.* at 524. We affirmed the finding of an accord and satisfaction. Our affirmance was premised on the plaintiff's *knowledge* the defendant intended the check to be "payment in full." The plaintiff in *RMP Industries* did not contend it was ignorant of the intention of the defendant to effect a full release. The plaintiff demonstrated its knowledge of the intent of the defendant

by endorsing the check "under protest." In the present case, Seidler claims he was ignorant of Vaughn Oil's intent.

Viewing the evidence in the light most favorable to the nonmoving party, we determine there is a genuine issue of material fact as to whether Seidler actually understood the final check was intended as accord and satisfaction. We reverse and remand this case back to district court for trial on whether Seidler knew or should have known this check was meant to be a release of his claims against Vaughn Oil. If the finder of fact finds Seidler knew or should have known the final check was intended to be an accord and satisfaction, judgment in favor of Vaughn Oil is appropriate. Otherwise, the finder of fact shall apportion damages between the two parties according to applicable Iowa law.

We reverse the trial court on this issue.

*Other Issues*

In his brief before this court, Seidler alleges other errors by the district court in its summary judgment. He claims the court erred in dismissing his claim for loss of use of his tractors, and his claim against Vaughn Oil for an unpaid fuel bill.

■ We determine Seidler's petition is adequate to include a claim for loss of use. *See* Iowa R.Civ.P. 69. It is adequate to provide Vaughn Oil with the requisite "fair notice" required by Iowa law. *Schmidt v. Wilkinson*, 340 N.W.2d 282, 283 (Iowa 1983).

> We have stated, however, that "notice pleading" requires, at a minimum, "fair notice" of the claim asserted so the other party can make an adequate response. We interpret our cases to mean that "notice pleading" does not require the pleading of ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the de-

fendant of the incident must be included in the petition in order to provide "fair notice" of the claim asserted.

*Id.* (citations omitted).

However, nowhere in the petition can we find anything which would apprise Vaughn Oil of the claim for the unpaid fuel bill. Nor does the district court mention this claim in its summary judgment ruling. Thus, we do not address this issue. *See State v. Lyon*, 223 N.W.2d 193, 194 (Iowa 1974).

We find it unnecessary to address the other issues raised on this appeal. We affirm the district court on its finding the final check was intended to be an accord and satisfaction for an unliquidated debt.

We reverse the district court's granting of summary judgment, as there is a genuine issue of material fact as to Seidler's knowledge the check was intended as an accord and satisfaction. We remand this case back to district court for trial on whether Seidler knew or should have known the final check was meant to be a release of his claims against Vaughn Oil. If the finder of fact finds Seidler knew or should have known the final check was intended to be an accord and satisfaction, judgment in favor of Vaughn Oil is appropriate. Otherwise, the finder of fact shall apportion damages between the two parties according to applicable Iowa law.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.