In the Matter of the **ESTATE OF Pearl E. BUSS, Deceased,**

**Mary E. COX, Appellant,**

v.

**Connie R. KOEHN, Trust Officer of Bankers Trust Co., Executor of the Estate of Pearl E. Buss, Deceased, Appellee.**

No. 97–0320.

Court of Appeals of Iowa.

Feb. 25, 1998.

David M. Repp of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Ed Skinner and Troy A. Skinner of Skinner & Beattie, P.C., Altoona, for appellee.

Heard by HUITINK, P.J., and STREIT and MAHAN, JJ.

HUITINK, Judge.

Mary Cox appeals the probate court's ruling partially denying her claim for services from the Pearl E. Buss estate. We affirm.

### I. Background Facts and Proceedings.

Buss died on September 30, 1995. Cox filed a claim against Buss' estate alleging she had not been paid for personal and domestic services she provided Buss from March 1994 through September 1995. The executor denied Cox's claim.

The probate court found Cox worked for Buss an average of fifteen hours per week at a rate of $7.00 per hour for the period covered by Cox's claim. The court, however, found Cox had been paid for all services provided from March 1994 through June 9, 1995. Based on these findings, Cox's claim for services from June 9, 1995 through September 1995 was allowed in the amount of $1806.

On appeal, Cox contends the court erroneously denied her claim for pre–June 1995 services. She argues the record does not support the district court's conclusion that her acceptance of a $100 check from Buss on June 9, 1995 was an accord and satisfaction of her claim for pre–June 1995 services.

### II. Standard of Review.

Probate proceedings concerning contested claims are tried as law actions. Iowa Code § 633.33. We review to correct errors of law. Iowa R.App.P. 4. Findings of fact in a law action are binding upon the appellate court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

### III. The Merits.

■ Cox had the burden to establish the extent and value of the services claimed. The executor had the burden to prove the estate's defense that Cox had been paid for her services. Iowa Code § 633.46; *In re Holta's Estate*, 246 Iowa 527, 532, 68 N.W.2d 314, 317 (1955).

The record includes substantial evidentiary support for the court's conclusion that Cox met her burden to establish the nature, extent, and value of services. Cox's testimony about the work she performed was corroborated by other witnesses. Her testimony about the value of her services was similarly sufficient to support the court's conclusion.

■ The estate's evidence was also sufficient to support the court's conclusion that Cox was paid for her services from March through June 9. The record includes three $100 checks Buss wrote to Cox during this time period. There is also evidence Cox received cash compensation for her services. The estate's payment defense was additional-

ly supported by evidence of Buss' prompt payment history and attention to her financial affairs. We also note the negative inference the court made from Cox's failure to address Buss' eighteen-month arrearage while Buss was still alive.

 The gist of Cox's appellate contention is the probate court's misplaced reliance on the doctrine of accord and satisfaction as the basis for denying Cox's claim. An accord is an agreement in which the parties agree to discharge a preexisting contract or obligation by giving and accepting a substituted consideration in settlement of the claim. *Seidler v. Vaughn Oil Co.*, 468 N.W.2d 474, 475 (Iowa App.1991). The satisfaction is the performance or execution of the agreement. *Id.* Both debtor and creditor must intend the substituted consideration is an accord and satisfaction of a preexisting claim. *Id.* at 477. Proof of the required intent may include the agreement itself, the parties' words or actions, and the surrounding circumstances. *Id.* The creditor's intent is established if it is shown she knew or should have known the substituted consideration was intended as an accord and satisfaction. *Id.* Whether intent exists is a fact question and cannot be decided as a matter of law. *Id.*

Accord and satisfaction only applies to unliquidated claims. *Id.* at 476. A claim is unliquidated if there is a genuine dispute regarding either the amount due or the debtor's liability. *Id.* A creditor's claim is liquidated if the amount of the claim is definite, determined and fixed. *Id.; Olson v. Wilson & Co.*, 244 Iowa 895, 58 N.W.2d 381, 385 (1953).

Cox correctly argues that the essential elements of accord and satisfaction cannot be established in this record. There is simply no evidence of a preexisting dispute concerning Buss' liability or the amount owed. Moreover, there is no evidence of any intent to settle a dispute by separate agreement on the amount and terms of payment.

This determination is not fatal to the probate court's ruling. The court expressly found Buss paid Cox for pre–June 9, 1995 services. Our earlier assessment of the sufficiency of the evidence supporting this conclu-

sion provides adequate justification to affirm. *See Galloway v. Bankers Trust Co.*, 420 N.W.2d 437, 441 (Iowa 1988) (we will affirm where any proper basis appears for the district court's ruling even though it is not the one upon which the court based its ruling).

The judgment of the district court is affirmed.

**AFFIRMED.**